OPINION
{¶ 1} Defendant-appellant Randall J. Willett, Jr. appeals from his conviction and sentence of the Muskingum County Court of Common Pleas on one count of aggravated burglary and one count of aggravated robbery, both with gun specifications. Plaintiff-appellee is the State of Ohio. This matter is before this Court pursuant to an Anders brief filed by appellant's appointed appellate counsel and a pro se brief filed by appellant.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On November 8, 2001, the Muskingum County Grand Jury indicted appellant on one count of aggravated burglary in violation of R.C.2911.11(A)(2) and one count of aggravated robbery in violation of R.C.2911.01(A)(1). Both of the counts, which were felonies of the first degree, were accompanied by gun specifications. At his arraignment on November 14, 2001, appellant entered a plea of not guilty to the charges contained in the indictment.
 {¶ 3} Thereafter, on February 8, 2002, appellant withdrew his former not guilty plea and pled guilty to the charges contained in the indictment. After a pre-sentence investigation was conducted, appellant, on April 29, 2002, was sentenced to three years on each count, to be served concurrently, and to a three year sentence for the gun specification.[1] The trial court, in its May 2, 2002, sentencing entry, ordered that the three year sentence on the gun specification be served consecutively, for an aggregate sentence of six years in prison.
 {¶ 4} Appellant subsequently filed a request for a delayed appeal. Pursuant to a Judgment Entry filed on September 25, 2002, this Court granted appellant's request. Attorney D. Scott Rankin was appointed as appellate counsel for appellant.
 {¶ 5} On December 16, 2002, Attorney Rankin filed a Motion to Withdraw as Counsel and an Anders brief. See Anders v. California
(1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493. In the Anders
Brief, appellate counsel identified two potential assignments of error:
 {¶ 6} "I. The Trial Court Erred By Accepting The Appellant's Change Of Plea As It Was Not Made Voluntarily With Understanding Of The Nature Of The Charges And Penalties, With Full Understanding Of The Effect Of The Plea And Full Understanding Of The Waiver Of Constitutional Rights In Violation Of Ohio Criminal Rule 11.
 {¶ 7} "II. The Trial Court Did Not Comply With The Requirements Of Ohio Revised Code 2929.19(3)(f), As There Is No Indication In The Transcript Or The Sentencing Entry That The Trial Court Required That The Offender Not Ingest Or Be Injected With A Drug Of Abuse And To Submit To Random Drug Testing."
 {¶ 8} Attorney Rankin provided a copy of his Motion to Withdraw as Counsel to appellant. Appellant was advised of his right to file a pro se brief on his own behalf. Subsequently, appellant, on January 21, 2003, filed a pro se brief raising the following assignment of error:
 {¶ 9} "The Trial Court Erred To The Prejudice Of Defendant-apppellant By Sentencing Him To A Three Year Gun Specification When He Did Not Barndish, Display, Or Use The Weapon Under His Control To Facilitate The Offense."
 {¶ 10} Appellant's counsel has motioned this court to withdraw as counsel. Anders, supra., established five criteria which must be met before a motion to withdraw by appellate counsel may be granted:
 {¶ 11} The five criteria are: a showing that appellant's counsel thoroughly reviewed the transcript and record in the case before determining the appeal to be frivolous; a showing that a motion to withdraw has been filed by appellant's counsel; the existence of a brief filed by appellant's counsel; the existence of a brief filed by appellant's counsel showing any potential assignments of error that can be argued on appeal; a showing that appellant's counsel provided a copy of the brief which was filed to the appellant; and a showing that appellant's counsel provided appellant adequate opportunity to file a pro se brief raising any additional assignments of error appellant believes should be addressed. Anders, 386 U.S. at 744.
 {¶ 12} This Court then has an independent duty to review the complete record and determine whether there is any arguable merit to the assignments of error presented by appellate counsel or appellant and to determine whether there are any arguably meritorious issues apparent from the record. Anders, supra; State v. Miliner (Dec. 21, 2001), Montgomery App. No. 18785, 2001-Ohio-7025.
 I {¶ 13} Appellate counsel, in his first potential assignment of error, argues that the trial court erred by accepting appellant's guilty plea since the trial court failed to inquire as to whether appellant was entering the plea voluntarily and of his own free will and accord.
 {¶ 14} When a defendant enters a guilty plea in a criminal case, the plea must be made "knowingly, intelligently, and voluntarily." Statev. Engle, 74 Ohio St.3d 525, 527, 1996-Ohio-179, 660 N.E.2d 450. A determination of whether a plea was knowing, intelligent, and voluntary is based upon a review of the record. State v. Spate, 64 Ohio St.3d 269,272, 1992-Ohio-130, 595 N.E.2d 351.
 {¶ 15} Criminal Rule 11(C) sets forth the procedure a trial judge must follow when accepting a guilty plea to a felony offense. The underlying purpose of Crim. R. 11 is to assure that a defendant is informed of his constitutional rights so that he or she can make a knowing, voluntary and intelligent decision whether to plead guilty.State v. Ballard (1981), 66 Ohio St.2d 473, 423 N.E.2d 115. Subsection (C)(2)(a) requires the judge to address the defendant personally and to determine that the defendant is entering his plea voluntarily, with an understanding of the nature of the charge, the maximum penalty involved and, if applicable, that he is not eligible for probation.[2] The rule, however, does not require that the trial court" make a specific, express inquiry of the defendant as to the voluntariness of the plea."State v. Clemons (Nov. 18, 1994), Montgomery App. No. 14372. In other words, the trial court does not have to ask the defendant if his or her plea is "voluntary", but the trial court must, through its questions, determine if the plea is voluntary. For instance, the trial court can inquire as to whether the plea is being made of the defendant's own free will, or whether the defendant is being induced or pressured into making the plea by some sort of promise or threat which is not on the record.
 {¶ 16} A trial court must substantially comply with Crim. R. 11(C). State v. Johnson (1988), 40 Ohio St.3d 130, 133, 532 N.E.2d 1295. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." State v. Nero (1990),56 Ohio St.3d 106, 108, 564 N.E.2d 474 (citing State v. Stewart (1977),51 Ohio St.2d 86, 364 N.E.2d 1163; State v. Carter (1979),60 Ohio St.2d 34, 38, 396 N.E.2d 757, certiorari denied (1980),445 U.S. 953, 100 S.Ct. 1605, 63 L.Ed.2d 789.
 {¶ 17} At the plea hearing on February 8, 2002, appellant was represented by counsel. The following is an excerpt from the February 8, 2002, plea hearing:
 {¶ 18} "THE COURT: You understand you're offering to plead guilty to two counts; first count being aggravated burglary, a felony of the first degree, second count being aggravated robbery, also a felony of the first degree, each of those counts carrying a possible penalty of three to 10 years of imprisonment in one-year increments, and a fine of up to $20,000?
 {¶ 19} "MR. WILLETT: Yes.
 {¶ 20} "THE COURT: Do you understand that there's a gun specification as to each count, and a gun specification as to each countcarries a mandatory three years of imprisonment?
 {¶ 21} "MR. WILLETT: Yes.
 {¶ 22} "THE COURT: You understand that when there are multiple charges, the Court could order those sentences to be served consecutively, which means one after the other?
 {¶ 23} "MR. WILLETT: Yes.
 {¶ 24} "THE COURT: Do you also understand that in addition to any type of jail or prison sentence, the Court can impose what is known as financial sanctions against you, which can include court costs, fines, restitution, that sort of thing?
 {¶ 25} "MR. WILLETT: Yes.
 {¶ 26} "THE COURT: Are you currently on any form of probation, parole, community control sanctions, anything like that?
 {¶ 27} "MR. WILLETT: Bond.
 {¶ 28} "THE COURT: You understand if you went to prison in this matter, upon your release from prison it would be mandatory that you be on post release control for a period of five years?
 {¶ 29} "MR. WILLETT: Yes.
 {¶ 30} "THE COURT: Do you understand that while on post release control, you'd be subject to a variety of rules and regulations? Should you fail to follow those rules and regulations you could be sent back to prison for a period of up to nine months for each rule violation you may commit. The total amount of time you could be sent back to prison would be equal to one-half of your original prison sentence.
 {¶ 31} "MR. WILLETT: Yes.
 {¶ 32} "THE COURT: Do you understand that if you commit a new felony while on post release control, in addition to any sentence you receive for that new felony, additional time could be added to that sentence in the form of one-half the time you have left on post release control or one year, whichever is greater?
 {¶ 33} "MR. WILLETT: Yes.
 {¶ 34} "THE COURT: You understand you're not eligible for community control because it's mandatory that you spend three years in prison on the gun specification?
 {¶ 35} "MR. WILLETT: Yes.
 {¶ 36} "THE COURT: You understand the nature of the charges against you and any possible defenses you may have to those charges?
 {¶ 37} "MR. WILLETT: Yes.
 {¶ 38} "THE COURT: Are you satisfied with the advice and help that Mr. Culbreath has given you in this matter?
 {¶ 39} "MR. WILLETT: Yes.
 {¶ 40} "THE COURT: Are you currently under the influence of any alcohol or drugs?
 {¶ 41} "MR. WILLETT: No.
 {¶ 42} "THE COURT: Used any of those substances in the last 24 hours?
 {¶ 43} "MR. WILLETT: No.
 {¶ 44} "THE COURT: Do you take any type of medication?
 {¶ 45} "MR. WILLETT: No.
 {¶ 46} "THE COURT: The State of Ohio is recommending that you receive a three-year sentence on each of the counts to be served concurrently, and that would be consecutive to the three-year gun specification, which means a total of six years of imprisonment; also that you cooperate in this matter by giving a full and complete statement.
 {¶ 47} "Other than that, have you been promised anything else or threatened in any way in order to enter your plea of guilty here today?
 {¶ 48} "MR. WILLETT: No.
 {¶ 49} "THE COURT: You understand that the prosecutor's recommendation is not binding on the Court, I do not have to follow their recommendation?
 {¶ 50} "MR. WILLETT: Yes
 {¶ 51} "THE COURT: You understand by pleading guilty you're giving up your right [sic] a jury trial?
 {¶ 52} "MR. WILLETT: Yes
 {¶ 53} "THE COURT: You also understand you're giving up your right to a trial to the Court without a jury?
 {¶ 54} "MR. WILLETT: Yes
 {¶ 55} "THE COURT: You also understand you're giving up your right to confront and have your attorney cross-examine anybody who testifies against you?
 {¶ 56} "MR. WILLETT: Yes
 {¶ 57} "THE COURT: You also understand you're giving up your right to use the power of the Court to subpoena and compel anybody you wanted to be here to be here and testify on your behalf?
 {¶ 58} "MR. WILLETT: Yes
 {¶ 59} "THE COURT: You also understand you're giving up your right not to take the witness stand at that trial, and the fact that you did not testify could not be used against you in any way?
 {¶ 60} "MR. WILLETT: Yes
 {¶ 61} "THE COURT: You also understand you're giving up your right to require the prosecutor to prove your guilty beyond a reasonable doubt of every element of each of the offenses against you?
 {¶ 62} "MR. WILLETT: Yes
 {¶ 63} "THE COURT: You also understand you have a right to appeal your case within 30 days of sentencing, but by pleading guilty you severely limit the chances of any appeal being successful?
 {¶ 64} "MR. WILLETT: Yes
 {¶ 65} "THE COURT: And are you a US citizen?
 {¶ 66} "MR. WILLETT: Yes
 {¶ 67} "THE COURT: For the sake of the record, how do you plead to Count I, aggravated burglary, felony of the first degree?
 {¶ 68} "MR. WILLETT: Guilty.
 {¶ 69} "THE COURT: How do you plead to the gun specification as to that charge?
 {¶ 70} "MR. WILLETT: Guilty.
 {¶ 71} "THE COURT: How do you plead to Count 2, aggravated robbery, a felony of the first degree?
 {¶ 72} "MR. WILLETT: Guilty.
 {¶ 73} "THE COURT: How do you plead to the gun specification, as to that charge?
 {¶ 74} "MR. WILLETT: Guilty. Transcript at 6-12. (Emphasis added).
We find that, based on the foregoing, the record demonstrates that appellant's plea was made voluntarily, intelligently and knowingly and that the trial court did not error in accepting guilty appellant's plea. From the above lengthy colloquy, we find that the trial court properly determined that appellant was entering his plea voluntarily and of his own free will and accord.
 {¶ 75} Accordingly, appellate counsel's first potential assignment of error is overruled.
 II {¶ 76} Appellate counsel, in his second potential assignment of error, argues that the trial court erred in failing to comply with the requirements of R.C. 2929.19(B)(3)(f) during the sentencing hearing. Appellate counsel specifically contends that the trial court erred in failing to require that appellant not ingest or be injected with a drug of abuse and submit to random drug testing. We disagree.
 {¶ 77} R.C. 2929.19(B) states, in relevant part, as follows: "3) Subject to division (B)(4) of this section, if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following: . . .,
 {¶ 78} "(f) Require that the offender not ingest or be injected with a drug of abuse and submit to random drug testing as provided in section 341.26, 753.33, or 5120.63 of the Revised Code, whichever is applicable to the offender who is serving a prison term, and require that the results of the drug test administered under any of those sections indicate that the offender did not ingest or was not injected with a drug of abuse."
 {¶ 79} "[T]he requirements which R.C. 2929.19(B)(3)(f) impose on the trial court were not intended to benefit a defendant, but to facilitate drug testing of prisoners in state institutions by discouraging defendants who are sentenced to prison from using drugs."State v. Arnold, Clark App. No. 02CA0002, 2002-Ohio-4977. See also Statev. Payne, Summit App. No. 21346, 2003-Ohio-2349. The record does not demonstrate how appellant was prejudiced as a result of this action. Furthermore, appellant has failed to offer any explanation of how he was prejudiced. Id.
 {¶ 80} Appellate counsel's second potential assignment of error is, therefore, overruled.
 APPELLANT'S PRO SE ASSIGNMENT OF ERROR {¶ 81} Appellant, in his sole pro se assignment of error, argues that the trial court erred by sentencing him to a three year term on the gun specification pursuant to R.C. 2929.14(D)(1)(a)(ii). Appellant specifically contends that since he did not brandish, display or use the weapon under his control to facilitate the offense, he should have received one year for the gun specification pursuant to R.C.2929.14(D)(I)(a)(ii). According to appellant, "[a]ppellant remained in the car during the course of the robbery. The weapon under his control remained on the seat next to him and was never brandished, displayed, or used to facilitate the offense."
 {¶ 82} R.C. 2929.14 states, in relevant part, as follows: "(D)(1)(a) Except as provided in division (D)(1)(e) of this section, if an offender who is convicted of or pleads guilty to a felony also is convicted of or pleads guilty to a specification of the type described in section 2941.141, 2941.144, or 2941.145 of the Revised Code, the court shall impose on the offender one of the following prison terms:
 {¶ 83} "(ii) A prison term of three years if the specification is of the type described in section 2941.145 of the Revised Code that charges the offender with having a firearm on or about the offender's person or under the offender's control while committing the offense and displaying the firearm, brandishing the firearm, indicating that the offender possessed the firearm, or using it to facilitate the offense;
 {¶ 84} "(iii) A prison term of one year if the specification is of the type described in section 2941.141 of the Revised Code that charges the offender with having a firearm on or about the offender's person or under the offender's control while committing the felony."
 {¶ 85} In the case sub judice the record reveals that appellant voluntarily, knowingly and intelligently, pled guilty to the charges contained in the indictment. The indictment specifically alleged, in part, that appellant and his co-defendants committed the offenses and, while doing so, "had a firearm [a long gun] on or about their person or under their control and displayed the firearm, brandished the firearm, indicated that they possessed the firearm, or used it to facilitate the offense . . ." By pleading guilty to the charges in the indictment, appellant was "not simply stating that he did the acts described in the indictment; he is admitting guilt . . ." See State v. Barnett (1991),73 Ohio App.3d 244, 248, 596 N.E.2d 1101.
 {¶ 86} Furthermore, in State v. Chapman (1986), 21 Ohio St.3d 41,487 N.E.2d 566, the Ohio Supreme Court held that an unarmed accomplice to an armed robbery, convicted of violating R.C. 2911.01, may be sentenced to a mandatory three-year term under the penalty-enhancement provision of former R.C. 2929.71(A)(2), now R.C. 2929.14(D)(1). See also State v.Moore (1985), 16 Ohio St.3d 30, 476 N.E.2d 355. The Ohio Supreme Court "reached the same conclusion in both cases, holding that an individual indicted for and convicted of violating R.C. 2911.01, aggravated robbery, and of a firearm specification under R.C. 2941.141, is subject to sentencing enhancement pursuant to former R.C. 2929.71, regardless of whether he or she was the principal offender or an unarmed accomplice."State v. Hanning, 89 Ohio St.3d 86, 92, 2000-Ohio-436, 728 N.E.2d 1059. Thus, even if appellant sat in the car during the offenses, he is subject to a three year gun specification since his accomplices used a "long gun" during the commission of the offenses.
 {¶ 87} Appellant's sole pro se assignment of error is, therefore, overruled.
 {¶ 88} In conclusion, this Court has independently examined the entire record in this matter, including, but not limited to, the acceptance of appellant's plea and appellant's sentence, and find that there are no arguably meritorious issues or errors that occurred in this matter to be raised or decided on appeal. Further, this Court finds that Attorney Rankin has complied with the procedures set forth in Anders and hereby grants Attorney Rankin's Motion to Withdraw as Counsel for appellant.
 {¶ 89} For these reasons, the judgment of the Muskingum County Court of Common Pleas is hereby affirmed.
By: Edwards, J., Farmer, P.J. and Boggins, J. concur
[1] The trial court merged the two gun specifications for purposes of sentencing.
[2] Crim.R. 11(C) states, in part, as follows:
"Pleas of guilty and no contest in felony cases
"(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
"(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
"(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
"(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."