OPINION
{¶ 1} The defendant-appellant, Taywyn Timothy Mason ("Mason"), appeals the May 4, 2005 Judgment of conviction and sentence entered in the Court of Common Pleas, Marion County, Ohio.
 {¶ 2} On May 15, 2004, Mason along with an accomplice stole 38 cartons of Marlboro cigarettes valued at $1,611.20 from a Dairy Mart store in Marion, Ohio. On May 21, 2004, Mason along with a co-defendant stole $13,491.98 while having a handgun in his possession from a Fifth-Third Bank located in Marion, Ohio.
 {¶ 3} On May 27, 2004, Mason was indicted by the Marion County Grand Jury on Count I: Aggravated Robbery, in violation of R.C. 2911.01(A)(1), a felony in the first degree; Count II: Robbery, in violation of R.C. 2911.02(A)(2), a felony in the second degree; and Count III: Theft, in violation of R.C.2913.02(A)(1), a felony in the fifth degree. On June 16, 2004, Mason was re-indicted by the Marion County Grand Jury on Counts IV-VII: Kidnapping, in violation of R.C. 2905.01(A)(1), a felony in the second degree and Count VIII: Possession of Cocaine, in violation of R.C. 2925.11(A)/(C)(4), a felony in the fifth degree. On June 6, 2004, the State filed a motion requesting that the indictments be joined. On July 23, 2004, the trial court ordered that the charges contained in the indictment filed on May 27, 2004 be joined with the charges contained in the indictment filed on June 16, 2004 for purposes of trial.
 {¶ 4} On March 29, 2005, Mason entered a guilty plea to Counts I, III, IV, V, VI, VII, and VIII as contained in the indictment. Count II was dismissed. A pre-sentence investigation was ordered. The pre-sentence investigation revealed a lengthy criminal record for Mason.
 {¶ 5} On May 4, 2005, the trial court held a sentencing hearing. The State recommended that Mason be sentenced to a total of fifteen years in prison, consecutive to his underlying sentence of ten months in Marion County Common Pleas Court Case No. 03-CR-0391 and that restitution be granted to the Dairy Mart in the amount of $1,611.20 and the Fifth-Third Bank in the amount of $13,491.00, less $4,569.00 which was recovered from Mason. Mason's counsel suggested a sentence of approximately five years in prison. Mason then apologized to the victims and stated that he would not have robbed the bank except for his circumstances at the time.
 {¶ 6} The trial court then sentenced Mason to a total term of fifteen years in prison. Specifically, Mason was sentenced on Count I of Aggravated Robbery for nine years; on Count III of Theft for six months; on Counts IV-VII of Kidnapping for five years each; and on Count VIII of Possession of Cocaine for six months. It was further ordered that the sentences of Counts IV, V, VI, and VII be served concurrently with one another and the sentences in Counts I, III, IV, and VII be served consecutively to each other, for a total sentence of fifteen years, to be served consecutively to the sentence in Marion County Common Pleas Court Case No. 03-CR-391.
 {¶ 7} On June 3, 2005, Mason filed his notice of appeal raising the following assignments of error:
 Assignment of Error 1 THE TRIAL COURT ERRED WHEN IT FAILED TO MAKE THE REQUIREDFINDINGS PURSUANT TO R.C. § 2929.13(B) WHEN ORDERING MR. MASON TOSERVE PRISON TERMS FOR HIS FIFTH DEGREE FELONY THEFT ANDPOSSESSION OF COCAINE OFFENSES.
 Assignment of Error 2 THE TRIAL COURT ERRED WHEN IT FAILED TO MATCH ITS FINDINGS FORORDERING CONSECUTIVE SENTENCES WITH ITS REASONS.
 Assignment of Error 3 THE TRIAL COURT ERRED WHEN IT FAILED TO NOTIFY MR. MASON,PURSUANT TO R.C. § 2929.19, THAT HE SHOULD NOT HAVE A DRUG OFABUSE IN HIS SYSTEM AND SHOULD SUBMIT TO DRUG TESTING.
 Assignment of Error 4 THE TRIAL COURT ABUSED ITS DISCRETION AND VIOLATED THECONSTITUTION OF THE UNITED STATES WHEN IT SENTENCED MR. MASONBASED ON FACTS NOT REFLECTED IN THE JURY'S VERDICT OR ADMITTED BYHIM.
 {¶ 8} Mason's second and fourth assignments of error shall be addressed together because both assignments of error pose issues concerning his felony sentencing. Mason claims in his second assignment of error that the trial court erred when it failed to provide reasons that supported the findings of ordering consecutive sentences. Mason alleges in his fourth assignment of error that the trial court abused its discretion and violated his constitutional rights when it imposed a sentence based on facts not reflected in the jury's verdict or admitted by him. Mason relies upon the holding in Blakely v. Washington (2004),524 U.S. 296, 124 S.Ct. 2531, for this proposition.
 {¶ 9} The Supreme Court of Ohio recently addressed constitutional issues concerning felony sentencing in State v.Foster, ___ Ohio St.3d ___, 2006-Ohio-856. In Foster, the Supreme Court of Ohio held that portions of Ohio's felony sentencing framework are unconstitutional and void. Pursuant to the ruling in Foster, Mason's second and fourth assignments of error are sustained.
 {¶ 10} In Mason's first assignment of error, he asserts that the trial court erred when it failed to make the required findings pursuant to R.C. 2929.13(B) with respect to ordering Mason to serve prison terms for the fifth degree felony theft and possession of cocaine rather than imposing a term of community control sanctions.
 {¶ 11} R.C. 2929.13(B)(1) provides that:
[I]n sentencing an offender for a felony of the fourth orfifth degree, the sentencing court shall determine whether any ofthe following apply:
 (a) In committing the offense, the offender caused physicalharm to a person.
 (b) In committing the offense, the offender attempted to causeor made an actual threat of physical harm to a person with adeadly weapon.
 (c) In committing the offense, the offender attempted to causeor made an actual threat of physical harm to a person, and theoffender previously was convicted of an offense that causedphysical harm to a person.
 (d) The offender held a public office or position of trust andthe offense related to that office or position; the offender'sposition obliged the offender to prevent the offense or to bringthose committing it to justice; or the offender's professionalreputation or position facilitated the offense or was likely toinfluence the future conduct of others.
 (e) The offender committed the offense for hire or as part ofan organized criminal activity.
 (f) The offense is a sex offense that is a fourth or fifthdegree felony violation of section 2907.03, 2907.04, 2907.05,2907.22, 2907.31, 2907.321, 2907.322, 2907.323 or 2907.34 of theRevised Code.
 (g) The offender at the time of the offense was serving, orthe offender previously had served, a prison term.
 (h) The offender committed the offense while under a communitycontrol sanction, while on probation, or while released fromcustody on a bond or personal recognizance.
 (i) The offender committed the offense while in possession ofa firearm.
Pursuant to R.C. 2929.13(B)(2),
(a) If the court makes a finding described in division(B)(1)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of thissection and if the court, after considering the factors set forthin section 2929.12 of the Revised Code, finds that a prison termis consistent with the purposes and principles of sentencing setforth in section 2929.11 of the Revised Code and finds that theoffender is not amenable to an available community controlsanction, the court shall impose a prison term upon theoffender.
 {¶ 12} In Foster, the Supreme Court of Ohio stated that R.C. 2929.13(B)(1) and (2) "appears to violate Blakely, but on closer inspection, it does not." Foster, 2006-Ohio-856, at ¶ 69. So long as the appropriate findings are made, the court has no discretion and must impose a prison term; however, the statute does not prevent a court from imposing a prison term without these findings. Id. A judge who does not make one of the R.C.2929.13(B)(1) findings and does not find that community control is a sufficient sanction could still impose a prison term. Id.
 {¶ 13} R.C. 2929.13(B)(2)(a) "permit[s] a judge to impose prison rather than community control without R.C. 2929.13(B) findings." Foster, 2006-Ohio-856, at ¶ 70. This statute was found to be constitutional in McMillan v. Pennsylvania (1986),477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67. Id. Pursuant toFoster, "R.C. 2929.13(B)(2)(b) and 2929.13(B)(2)(a) do not violate Blakely by requiring the sentencing court to make additional findings of fact before increasing a penalty at the fourth or fifth degree felony level." Id.
 {¶ 14} In this case, the trial court made a specific finding, pursuant to R.C. 2929.13(B)(1)(g) and (h), that Mason had previously served a prison term and he committed this offense when he was on bond and awaiting a trial in the Marion County Common Pleas Court, case number 03-CR-391. The trial court also considered the following factors pursuant to R.C. 2929.12(B)(2) and (D)(1) and (2), that Mason caused serious psychological harm as a result of the offense to the victims, Mason was on bond awaiting trial when the offenses occurred, Mason had prior criminal convictions, and Mason had a long history of criminal conduct. Even though Mason argues that the trial court did not expressly state on the record that he is "not amenable to an available community control sanction," R.C. 2929.13(B)(2) still permits a judge to impose a prison term rather than community control at his discretion. Accordingly, Mason's first assignment of error is overruled.
 {¶ 15} In Mason's third assignment of error, he claims that the trial court erred when it failed to notify Mason that he should not have a drug of abuse in his system and that he should submit to drug testing, pursuant to R.C. 2929.19(B)(3)(f).
 {¶ 16} R.C. 2929.19(B)(3) requires the trial court, when imposing a prison term to provide certain notifications to the offender at the sentencing hearing. Pursuant to R.C.2929.19(B)(3),
Subject to division (B)(4) of this section, if the sentencingcourt determines at the sentencing hearing that a prison term isnecessary or required, the court shall do all of thefollowing:
* * *
(f) Require that the offender not ingest or be injected with adrug of abuse and submit to random drug testing as provide insection 341.26, 753.33, or 5120.63 of the Revised Code, whicheveris applicable to the offender who is serving a prison term, andrequire that the results of the drug test administered under anyof those sections indicate that the offender did not ingest orwas not injected with a drug of abuse.
 {¶ 17} In this case, the trial court did not mention the requirements of R.C. 2929.19(B)(3)(f) at the sentencing hearing. However, we previously addressed the issue of whether a sentence must be reversed when a trial court fails to admonish the defendant of possible drug testing in State v. Kail (November 24, 2003), 3rd Dist. No. 16-03-06, 2003-Ohio-6312, at ¶ 14. Specifically, we quoted the Second District Court of Appeals as stating
R.C. 5120.63 requires the Department of Rehabilitation andCorrection to administer a statewide random drug testing programin state correctional institutions. The requirements which R.C.2929.19(B)(3)(f) impose on the trial court were not intended tobenefit a defendant, but to facilitate drug testing of prisonersin state institutions by discouraging defendants who aresentenced to prison from using drugs. Therefore, the trialcourt's failure to comply with this statutory requirement isharmless error because Defendant suffered no prejudice as aresult.
 State v. Arnold, 2nd Dist. No. 02CA00002, 2002-Ohio-4977, ¶ 37; see, also, State v. Dixon, 2nd Dist. No. 01CA17, 2001-Ohio-7075.
 {¶ 18} Furthermore, in State v. McDargh, 2nd Dist. No. 2000-CA-94, 2001-Ohio-1703, the court found that "[n]othing in R.C. 2929.19(B)(3)(f) requires the trial court to notify the defendant that he may be subjected to random drug testing while the defendant is incarcerated." Similarly, Mason did not suffer any prejudice by the trial court's failure to advise him of the possible drug testing. Accordingly, Mason's third assignment of error is overruled.
 {¶ 19} Accordingly, Mason's first and third assignments of error are overruled and his second and fourth assignments of error are sustained. Therefore, the judgment and sentence is affirmed in part regarding Mason's first and third assignments of error and the sentence is vacated in part with respect to his second and fourth assignments of error, and the matter is remanded for further proceedings.
Judgment Affirmed in Part, Vacated in Part and CauseRemanded.
 Bryant, P.J. and Rogers, J., concur.