OPINION
{¶ 1} Christopher B. Leeson appeals from his conviction and sentence following guilty pleas to eight counts of theft of property, seven counts of forgery, two counts of misuse of credit cards, and one count alleging theft of more than $5,000 from an elderly *Page 2 
person.
 {¶ 2} Leeson's appointed counsel has filed a brief pursuant toAnders v. California (1967), 386 U.S. 738, indicating that he can find no non-frivolous issues for appellate review and requesting permission to withdraw from representation. Appellate counsel has identified two possible arguments, however, relating to (1) the trial court's imposition of an aggregate three-year sentence and (2) its failure to inform Leeson at the plea hearing of the potential for random drug testing in prison. After receiving appellate counsel's Anders brief, we invited Leeson to file a pro se brief assigning any errors for our review. He has not done so.
 {¶ 3} Pursuant to our responsibilities under Anders, we have examined the full record in this case. Having done so, we agree with the assessment of appointed appellate counsel that there are no non-frivolous issues for our review.
 {¶ 4} With regard to the three-year sentence, appellate counsel suggests that the trial court abused its discretion by ignoring mitigating factors such as the existence of a guilty plea, a favorable letter written by a relative who was one of the victims, Leeson's remorse, and his efforts to turn his life around. We find no potential merit in this argument. The record reflects that the trial court was aware of the guilty plea, the letter, Leeson's professed remorse, and his efforts to reform himself. Nothing indicates that the trial court ignored these factors. Instead, the trial court appears to have concluded that an aggregate three-year sentence nevertheless was warranted in light of other factors such as Leeson's three prior prison terms and his failure to take advantage of prior opportunities. Given that Leeson entered guilty pleas to eighteen felony counts, we find no potential abuse of discretion in the trial court's prison sentence. *Page 3 
 {¶ 5} As for the trial court's failure to address random drug testing in prison during the plea hearing, the Revised Code imposed no such requirement. The only time a trial court must address the issue is in the context of sentencing. See R.C. § 2929.19(B)(3)(f). In any event, a trial court's failure to comply with the statute does not provide a defendant with a non-frivolous issue for appellate review. Revised Code section 2929.19(B)(3)(f) provides:
 {¶ 6} "[I]f the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:
 {¶ 7} "Require that the offender not ingest or be injected with a drug of abuse and submit to random drug testing as provided in section341.26, 753.33, or 5120.63 of the Revised Code, whichever is applicable to the offender who is serving a prison term, and require that the results of the drug test administered under any of those sections indicate that the offender did not injest or was not injected with a drug of abuse."
 {¶ 8} The requirements that R.C. § 2929.19(B)(3)(f) imposes on a trial court "were not intended to benefit a defendant, but to facilitate drug testing of prisoners in state institutions by discouraging defendants who are sentenced to prison from using drugs." State v. Arnold, Clark App. No. 02CA0002, 2002-Ohio-4977, ]}37. Because the statute creates no substantive rights, a trial court's failure to comply with its terms results in no prejudice to a defendant and constitutes harmless error.State v. Woods, Clark App. No. 05CA0063, 2006-Ohio-2325, ]}29. Therefore, Leeson lacks even a colorable argument based on the statute.
 {¶ 9} Finally, our own independent examination of the record has uncovered no potentially meritorious issues for appellate reivew. Accordingly, we find Leeson's appeal *Page 4 
to be without merit and grant his counsel's request to withdraw. The trial court's judgment is affirmed.
 WOLFF, P.J., and DONOVAN, J., concur. *Page 1