[Cite as *State v. Woodum*, 2018-Ohio-2440.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

DOMINIQUE B. WOODUM,

    DEFENDANT-APPELLANT.

CASE NO. 8-17-53

O P I N I O N

Appeal from Logan County Common Pleas Court
Trial Court No. CR 17-02-0031

**Judgment Affirmed**

Date of Decision:  June 25, 2018

APPEARANCES:

    *Samantha L. Berkhofer* **for Appellant**

    *Alice Robinson-Bond* **for Appellee**

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant Dominique B. Woodum ("Woodum") brings this appeal from the judgment of the Court of Common Pleas of Logan County sentencing him to a prison term of eight years. Woodum claims that the trial court erred by failing to properly advise him and by not considering the statutory factors before imposing a maximum sentence. For the reasons set forth below, the judgment is affirmed.

{¶2} On or around November 30, 2016, Woodum provided drugs to the victim. Doc. 40. Soon after taking the drugs, the victim fell unconscious and suffered from labored breathing. *Id*. The victim thereafter died due to a drug overdose that included Fentanyl. *Id*. Woodum and two others removed the victim's body from the apartment and hid it along with the victim's truck. *Id*. The missing body and truck were not found for three days. *Id*.

{¶3} On February 14, 2017, the Logan County Grand Jury indicted Woodum on four counts: 1) Involuntary Manslaughter in violation of R.C. 2903.04(A), a felony of the first degree; 2) Tampering with Evidence in violation of R.C. 2921.12(A)(1), a felony of the third degree; 3) Abuse of a Corpse in violation of R.C. 2927.01(A), a misdemeanor of the second degree; and 4) Possession of Cocaine in violation of R.C. 2925.11(A), a felony of the fifth degree. Doc. 2. Woodum entered pleas of not guilty to all counts. Doc. 10. A superseding indictment was filed on April 11, 2017. Doc. 20. The new indictment added a

repeat violent offender specification to count one. *Id*. Woodum entered a plea of not guilty to the specification at a second arraignment. Doc. 35.

{¶4} On July 11, 2017, a second superseding indictment was filed. Doc. 42. The new indictment contained the following counts: 1) Involuntary Manslaughter in violation of R.C. 2903.04(A), a felony of the first degree; 2) Involuntary Manslaughter in violation of R.C. 2903.04(A), a felony of the first degree; 3) Corrupting Another with Drugs in violation of R.C. 2925.02(A)(3), a felony of the second degree; 4) Tampering with Evidence in violation of R.C. 2921.12(A)(1), a felony of the third degree; 5) Abuse of a Corpse in violation of R.C. 2927.01(A), a misdemeanor of the second degree; 6) Possession of Cocaine in violation of R.C. 2925.11(A), a felony of the fifth degree; and 7) Obstructing Justice in violation of R.C. 2921.32(A)(5), a felony of the fifth degree. *Id*. The first two counts contained repeat violent offender specifications. *Id*. An amended bill of particulars was then filed on August 3, 2017. Doc. 51.

{¶5} On November 14, 2017, the trial court held a change of plea hearing. Doc. 108. Pursuant to a plea agreement, Woodum agreed to plead guilty to Count 3, Corrupting Another with Drugs. *Id*. at Ex. A. In exchange for the guilty plea, the State agreed to dismiss the remaining six counts and the repeat violent offender specifications. *Id*. The trial court discussed the change of plea with Woodum and eventually determined that it was voluntarily being made. Doc. 108. The trial court then accepted the guilty plea and found Woodum to be guilty. *Id*. The State then

dismissed all remaining charges. *Id.* The trial court proceeded immediately to sentencing. *Id.* The trial court indicated that it had considered the record, the oral statements of Woodum, the victim impact statements, the pre-sentence investigation report from Montgomery County, and the statutory guidelines set forth in R.C. 2929.11 and R.C. 2929.12. *Id.* The trial court then sentenced Woodum to the maximum prison term of eight years. *Id.* No fine was imposed and the costs of prosecution and attorney fees were waived. *Id.* Woodum appeals from this judgment. Doc. 120. On appeal, Woodum raises the following assignments of error.

### First Assignment of Error

**Whether the trial court erred by failing to inform the defendant of all of his 2929.19 requirements?**

### Second Assignment of Error

**Whether the trial court erred by failing to make a clear record of his considerations of 2929.11 and 2929.12 before sentencing the defendant to a maximum sentence?**

{¶6} In the first assignment of error, Woodum claims that the trial court erred by failing to inform Woodum that he cannot "ingest or be injected with a drug of abuse" and must submit to random drug testing while in prison as set forth in R.C. 2929.19(B)(2)(f). This Court has addressed a similar argument in *State v. Mason*, 3d Dist. Marion No. 9-05-21, 2006-Ohio-1998. In *Mason*, the defendant argued that the trial court erred by failing to notify him that he would be subject to drug

testing in prison. The trial court in *Mason* failed to notify the defendant of the requirements about ingesting drugs and possible drug testing. This Court held that since the purpose of the statute was to facilitate drug testing of prisoners, not to benefit the defendant, the failure to notify the defendant was not reversible error. *Id.* at ¶ 17. This determination has also been reached by many other districts. *See also State v. Mavrakis*, 9th Dist. Summit No. 27457, 2015-Ohio-4902; *State v. Jones*, 1st Dist. Hamilton No. C130625, 2014-Ohio-3345; *State v. Moore*, 12th Dist. Clermont No. CA2014-02-016, 2014-Ohio-5191, *State v. Leeson*, 2d Dist. Montgomery No. 21993, 2007-Ohio-3704; and *State v. Willet*, 5th Dist. Muskingum No. CT2002-0024, 2003-Ohio-6357.

{¶7} In this case, Woodum claims that the trial court committed prejudicial error by failing to inform him of the statutory requirements. Although the trial court is required to impose the restriction, the failure to address it in open court is not prejudicial error. Therefore, the first assignment of error is overruled.

{¶8} Woodum argues in the second assignment of error that the trial court erred by not considering the statutory sentencing guidelines set forth in R.C. 2929.11 and R.C. 2929.12. This court has previously held that trial courts have full discretion to impose any prison sentence within the statutory range as long as they consider the purposes and principles of felony sentencing and the seriousness and recidivism factors. *State v. Alselami*, 3d Dist. Hancock No. 5-11-31, 2012-Ohio-987, ¶ 21. The trial court is not required to make any specific findings to

demonstrate the consideration of those general guidance set forth in R.C. 2929.11 and 2929.12. *Id*.

> **R.C. 2929.11 provides that sentences for a felony shall be guided by the overriding purposes of felony sentencing: "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(A). In order to comply with those purposes and principles, R.C. 2929.12 instructs a trial court to consider various factors set forth in the statute relating to the seriousness of the conduct and to the likelihood of the offender's recidivism. R.C. 2929.12(A) through (D). In addition, a trial court may consider any other factors that are relevant to achieving the purposes and principles of sentencing. R.C. 2929.12(E).**

*Id*. at ¶ 22. Woodum was convicted of a second degree felony. "For a felony of the second degree, the prison term shall be two, three, four, five, six, seven, or eight years." R.C. 2929.14(A)(2). The sentence imposed by the trial court was within this statutory range. Thus, the only question before this court is whether the trial court considered the statutory factors set forth in R.C. 2929.11 and R.C. 2929.12.

{¶9} A review of the record shows that the trial court had reviewed the presentence investigation report from Montgomery County, the prior criminal record of Woodum, and the fact that Woodum was under post-release control supervision at the time of the current offense. Tr. 35-37. The trial court also stated that he had reviewed the sentencing factors set forth in Title 29 and had reviewed the bill of particulars. Tr. 37. Based upon all that was before it, the trial court determined that a sentence of eight years in prison was appropriate. The facts before the trial court show that Woodum has a prior criminal record including a prior prison

term, that he was under supervision at the time of this offense, and that after supplying the victim with drugs that caused him to lose consciousness, Woodum took no steps to obtain medical help for the victim. The record also shows that even though Woodum admitted that he supplied the victims with drugs, he refused to acknowledge that he had a part in the victim's death, indicating a lack of remorse. Given this evidence, the trial court had enough evidence to evaluate the statutory sentencing factors. Based upon the record before us, this Court does not find that the trial court abused its discretion in imposing the sentence it chose. The second assignment of error is overruled.

{¶10} Having found no error prejudicial to the appellant, the judgment of the Court of Common Pleas of Logan County is affirmed.

*Judgment Affirmed*

**ZIMMERMAN and SHAW, J.J., concur.**

**/hls**