[Cite as *State v. Price*, 2019-Ohio-500.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

SHAHEIM ANTELL DELQUEZ PRICE,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 18 BE 0009**

---

Criminal Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 17 CR 290

**BEFORE:**
Kathleen Bartlett, Gene Donofrio, Cheryl L. Waite, Judges.

---

**JUDGMENT:**
AFFIRMED

---

*Atty. Denise Ferguson,* P.O. Box 26004, Akron, Ohio 44319, for Appellant and

*Atty. J. Flanagan*, Courthouse Annex 1, 147-A West Main Street, St. Clairsville, Ohio 43950, for Appellee.

Dated: February 6, 2019

**BARTLETT, J.**

{¶1} Appellant Shaheim Antell Delquez Price appeals the judgment entry of the Belmont County Court of Common Pleas, imposing a seven-year sentence for his conviction for one count of felonious assault, in violation of R.C. 2903.11(A)(2), a felony of the second degree. The sentencing entry imposes reimbursement costs in the amount of $732.80 for Appellant's prosecution, supervision, and confinement, as well as fees authorized by R.C. 2949.14 and 2947.23. (1/23/18 J.E. p. 5).

{¶2} Appellant asserts that the trial court committed plain error when it imposed reimbursement costs as a part of his sentence without first determining his ability to pay. He further asserts that the trial court erred when it failed to notify him that he is prohibited from ingesting or being injected with any drug of abuse, and that he would be subject to random drug testing during his incarceration. Because the trial court did not commit plain error, we affirm the judgment entry of sentence.

{¶3} At the sentencing hearing on January 22, 2018, the trial court completely omitted any reference to Appellant's obligation to refrain from illegal drug use, or that he would be subject to random drug testing, while incarcerated. However, the trial court did inform Appellant that he would "be ordered to reimburse the State and county for the costs associated with [his] confinement and prosecution." (1/22/18 Sent. Hrg. p. 6). No contemporaneous objection was made to the trial court's omission regarding illegal drug use, random drug testing, or the imposition of the costs of prosecution and confinement.

{¶4} Review of felony sentences is governed by R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1. Pursuant to R.C. 2953.08(G)(2) an "appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Id.* at ¶ 1, 23.

{¶5} When the defendant fails to object at sentencing, the reviewing court can conduct only a plain error review. *State v. Masson*, 7th Dist. No. 16 MA 0066, 2017-Ohio-7705, 96 N.E.3d 1225, ¶ 22. "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R.

52(B). An appellate court's invocation of plain error requires the existence of an obvious error which affected the outcome of the proceedings. *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 22. "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Murphy*, 91 Ohio St.3d 516, 532, 747 N.E.2d 765 (2001). Recognition of plain error is discretionary with the reviewing court; it is not mandatory. *Rogers,* ¶ 22-23.

{¶6} In his first assignment of error, Appellant asserts:

THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND PLAIN ERROR BY ORDERING DEFENDANT TO PAY THE COSTS OF THE PROSECUTION, SUPERVISION AND CONFINEMENT WITHOUT DETERMINING IF MR. PRICE WAS INDIGENT OR NOT.

{¶7} A sentencing court is obligated by statute to include the cost of prosecution in the sentence and render a judgment against the defendant for such costs. R.C. 2947.23(A)(1)(a). Waiver of costs is permitted, but not required, if the defendant is indigent. *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 14. The Ohio Supreme Court in *White* read R.C. 2947.23 in pari materia with R.C. 2949.092, which states that certain additional court costs associated with R.C. 2949.092 may be waived only "if the court determines that the offender is indigent and the court waives the payment of all court costs imposed upon the offender." Therefore, despite the mandatory language of R.C. 2947.23 requiring the imposition of court costs, a trial court has the discretion to waive the payment of costs. *State v. Clevenger*, 114 Ohio St.3d 258, 2007-Ohio-4006, 871 N.E.2d 589, ¶ 4.

{¶8} Appellant cites *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, for the proposition that it is error for a trial court to impose court costs in its sentencing entry without first informing the defendant during the sentencing hearing of its intent to do so. The *Joseph* Court reasoned that a criminal defendant has the right to be present at every stage of his trial, and, further, that Joseph suffered prejudice because he was denied the opportunity to claim indigency. *Id.* ¶ 22-23. Here, the trial court notified Appellant at the hearing that the costs of his prosecution and confinement

would be imposed as a part of his sentence. Consequently, *Joseph* has no precedential value.

{¶9} Of equal import, *Joseph* is no longer good law. In 2014, the General Assembly amended R.C. 2947.23 by adding subsection (C), which reads, in pertinent part, "The court retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution * * * at the time of sentencing or at any time thereafter." As a consequence, remand for resentencing is not necessary, insofar as an Ohio defendant can file a post-judgment motion to waive costs after sentencing. See *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, ¶ 265, reconsideration denied, 152 Ohio St.3d 1468, 2018-Ohio-1796, 97 N.E.3d 503. Therefore, Appellant's first assignment of error has no merit.

{¶10} In his second assignment of error, Appellant alleges:

THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND PLAIN ERROR BY FAILING TO COMPLY WITH R.C. 2929.19(B)(2)(F).

{¶11} The subsection of R.C. 2929.19 upon which Appellant predicates his second assignment of error was deleted from the statute pursuant to the enactment of 2018 S 66 on October 29, 2018. Former R.C. 2929.19(B)(2)(f) read:

Subject to division (B)(3) of this section, if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:
* * *

(f) Require that the offender not ingest or be injected with a drug of abuse and submit to random drug testing as provided in section 341.26, 753.33, or 5120.63 of the Revised Code, whichever is applicable to the offender who is serving a prison term, and require that the results of the drug test administered under any of those sections indicate that the offender did not ingest or was not injected with a drug of abuse.

Appellant was sentenced on January 22, 2018, prior to the effective date of the 2018 amendments.

Case No. 18 BE 0009

{¶12} Several Ohio intermediate courts have rejected sentencing challenges based on the alleged failure to comply with R.C. 2929.19(B)(2)(f).  The majority of the Districts that have considered the issue have concluded that the failure to provide any admonition regarding drug use and/or notification regarding drug testing does not constitute reversible error.  The First, Second, Third, Fifth, Eleventh, and Twelfth Districts have agreed that the requirements in subsection (f) were intended to facilitate the drug testing of prisoners, not to create substantive notification rights.  See *State v. Haywood*, 1st Dist. No. C130525, 2014-Ohio-2801, ¶ 18; *State v. Cutlip,* 2d Dist. No. 2012 CA 11, 2012-Ohio-5790; *State v. Willet*, 5th Dist. No. CT2002-0024, 2003-Ohio-6357; *State v. Woodum*, 3rd Dist. No. 8-17-53, 2018-Ohio-2440, ¶ 6; *State v. Mavrakis*, 9th Dist. No. 27457, 2015-Ohio-4902, ¶ 47; *State v. Moore*, 12th Dist. No. CA2014-02-016, 2014-Ohio-5191, ¶ 13.  Although the foregoing Districts have recognized the statutory mandate that the trial court is required to impose the restriction, they have concluded that the failure to address it in open court does not constitute prejudicial error.

{¶13} In *State v. Tell*, 11th Dist. No. 2017-P-0031, 2018-Ohio-1886, the Eleventh District opined that there is no statutory notification requirement, but that a sentencing court should require the defendant not to ingest or be injected with a drug of abuse and to require the offender to submit to random drug testing.  *Id.* 49. The Eleventh District further opined that, if the legislature had intended an offender to be notified, it would have specified as much, as it did in other parts of the statute.  See R.C. 2929.19(B)(2)(a) ("notify the offender that the prison term is a mandatory prison term"); R.C. 2929.19(B)(2)(c) ("[n]otify the offender that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison"); *Id.* ¶ 50 citing R.C. 2929.19(B)(2)(d) ("[n]otify the offender that the offender may be supervised under section 2967.28 of the Revised Code "); R.C. 2929.19(B)(2)(e) ("[n]otify the offender that * * * the parole board may impose a prison term"); and R.C. 2929.19(B)(2)(g)(i) ("notify the offender of * * * the number of days that the offender has been confined").  In *State v. Schillinger*, 11th Dist. No. 2018-P-0014, 2018-Ohio-3966, the Eleventh District cited the legislature's decision to remove the subsection as further indicia that an offender has no substantive right to be notified that he or she is prohibited from

ingesting or being injected with drugs of abuse. *Id.* ¶ 35.

**{¶14}** We adopt the sound reasoning of our sister Districts that have held that the failure to notify a defendant of the requirements set forth in R.C. 2929.19(B)(2)(f) at the sentencing hearing does not constitute prejudicial error. As a consequence, Appellant's second assignment of error has no merit.

**{¶15}** In summary, the statute governing the imposition of costs and jury fees recognizes the trial court's continuing jurisdiction to consider a motion seeking waiver of the fees at any time including post-judgment. Therefore, Appellant need not be resentenced in order to assert his indigent status and seek waiver of the costs imposed by the trial court. Further, Appellant has not demonstrated prejudicial error resulting from the trial court's failure to notify him of the prohibition of illegal drug abuse and random drug testing during his incarceration. Accordingly, the judgment of conviction is affirmed.

**Donofrio, J., concurs.**

**Waite, P. J., concurs.**

---

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is affirmed. Costs are waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**