[Cite as *State v. McDonald*, 2019-Ohio-1034.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                             Court of Appeals No. L-18-1109

    Appellee                                         Trial Court No. CR0201701231

v.

William McDonald                                **DECISION AND JUDGMENT**

    Appellant                                        Decided:  March 22, 2019

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lauren Carpenter, for appellee.

Autumn D. Adams, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, William McDonald, appeals the June 8, 2017 judgment of the

Lucas County Court of Common Pleas, where he was sentenced to an aggregate prison

term of 10 years for felonious assault with a firearm specification.  Finding no error, we

affirm.

## Assignments of Error

{¶ 2} Appellant sets forth the following assignments of error:

1. The Trial Court's imposition of consecutive prison sentences was improper as the Trial Court failed to comply with Ohio Revised Code Section 2929.14(C)(4).

2. The Trial Court failed to properly sentence Appellant under Ohio Revised Code Section 2929.19(B)(2)(f).

## Background

{¶ 3} In January 2017, appellant shot his girlfriend three times, once in the head, once in the back, and once in the shoulder. She survived the attack.

{¶ 4} On February 3, 2017, appellant was charged with attempted murder in violation of R.C. 2923.02, a felony of the first degree, and felonious assault in violation of R.C. 2903.11(A)(2) and (D), a felony of the second degree. Each charge carried a firearm specification pursuant to R.C. 2941.145.

{¶ 5} On May 24, 2017, appellant pleaded guilty to the felonious assault pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

{¶ 6} The court proceeded with its colloquy and accepted the *Alford* plea, finding appellant guilty of the felonious assault. The court set sentencing for June 7, 2017.

{¶ 7} The trial court sentenced appellant to a prison term of seven years, and to another term of three years for the firearm specification. These terms were set to run consecutively.

**{¶ 8}** The judgment entry was e-journalized on June 8, 2017, and appellant timely appeals.

**First Assignment of Error**

**{¶ 9}** Appellant first argues the trial court erred by failing to make the necessary findings to properly impose consecutive sentences under R.C. 2929.14(C)(4). Appellee contends appellant's reliance on R.C. 2929.14(C)(4) is misplaced because the trial court imposed the additional three-year sentence for the firearm specification under R.C. 2929.14(C)(1)(a).

**{¶ 10}** Appellate courts review felony sentences under the standard set forth in R.C. 2953.08(G)(2), which provides that an "appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *See State v Marcum*, 146 Ohio St. 3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1.

**{¶ 11}** R.C. 2929.14(C)(4) states as follows:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the

seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*See*, e.g., *State v. Braswell*, 6th Dist. Lucas No. L-16-1197, 2018-Ohio-3208, ¶ 39.

{¶ 12} Here, appellant's additional three-year mandatory sentence was imposed consecutively to the seven-year sentence imposed for the felonious assault. However, we find it was imposed pursuant to R.C. 2929.14(C)(1)(a), not R.C. 2929.14(C)(4).

{¶ 13} R.C. 2929.14(C)(1)(a) provides:

Subject to division (C)(1)(b) of this section, if a mandatory prison term is imposed upon an offender pursuant to division (B)(1)(a) of this

4.

section for having a firearm on or about the offender's person or under the offender's control while committing a felony, if a mandatory prison term is imposed upon an offender pursuant to division (B)(1)(c) of this section for committing a felony specified in that division by discharging a firearm from a motor vehicle, or if both types of mandatory prison terms are imposed, the offender shall serve any mandatory prison term imposed under either division consecutively to any other mandatory prison term imposed under either division or under division (B)(1)(d) of this section, consecutively to and prior to any prison term imposed for the underlying felony pursuant to division (A), (B)(2), or (B)(3) of this section or any other section of the Revised Code, and consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender.

{¶ 14} Accordingly, appellant's reliance on R.C. 2929.14(C)(4) is misplaced and his first assignment of error is not well-taken.

## Second Assignment of Error

{¶ 15} In his second assigned error, appellant argues the trial court failed to properly sentence him under R.C. 2929.19(B)(2)(f). Appellee asserts that failure to comply with R.C. 2929.19(B)(2)(f) is harmless error.

{¶ 16} At the outset we note the statutory language of R.C. 2929.19(B)(2)(f) is no longer codified under R.C. 2929.19(B)(2)(f), but is now codified under R.C. 2929.19(B)(2)(g).

{¶ 17} The statute states:

"[I]f the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall * * * [r]equire that the offender not ingest or be injected with a drug of abuse and submit to random drug testing as provided in section 341.26, 753.33, or 5120.63 of the Revised Code, *whichever is applicable to the offender who is serving a prison term*, and require that the results of the drug test administered under any of those sections indicate that the offender did not ingest or was not injected with a drug of abuse." (Emphasis added.)

*See* R.C. 2929.19(B)(2)(g).

{¶ 18} In this case, we initially find appellant has not articulated which section of "341.26, 753.33, or 5120.63 of the Revised Code" is applicable to him. *Id*. Consequently, and based on his argument, we cannot say the trial court erred in failing to comply with the specific mandates of R.C. 2929.19(B)(2)(g) as he alleges.

{¶ 19} Second, appellant has not demonstrated prejudice resulting from the court's alleged failure to comply with the statute, and we hold that without such prejudice the error alone would not result in reversal of the sentence or remand for a new trial.

6.

{¶ 20} In so holding we subscribe to the rationale and law as articulated in *State v. Price*, 7th Dist. Belmont No. 18 BE 0009, 2019-Ohio-500, where the Seventh District court recognized and held that "the failure to notify a defendant of the requirements set forth in R.C. 2929.19(B)(2)(f) at the sentencing hearing does not constitute prejudicial error." *Id*. at ¶ 12-14, citing *State v. Haywood*, 1st Dist. Hamilton No. C130525, 2014-Ohio-2801, ¶ 18; *State v. Cutlip*, 2d Dist. Champaign No. 2012CA11, 2012-Ohio-5790; *State v. Willet*, 5th Dist. Muskingum No. CT2002-0024, 2003-Ohio-6357; *State v. Woodum*, 3d Dist. Logan No. 8-17-53, 2018-Ohio-2440, ¶ 6; *State v. Mavrakis*, 9th Dist. Summit No. 27457, 2015-Ohio-4902, ¶ 47; *State v. Moore*, 12th Dist. Clermont No. CA2014-02-016, 2014-Ohio-5191, ¶ 13; *State v. Tell*, 11th Dist. Portage No. 2017-P-0031, 2018-Ohio-1886; *State v. Schillinger*, 11th Dist. Portage No. 2018-P-0014, 2018-Ohio-3966 (recognizing this statutory language was removed between October 2018 and March 2019).

{¶ 21} Accordingly, appellant's second assignment of error is found not well-taken.

## Conclusion

{¶ 22} For the foregoing reasons, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

7.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.        _____
                                                 JUDGE

Thomas J. Osowik, J.

                                 _____

Gene A. Zmuda, J.                                      JUDGE
CONCUR.

                                 _____
                                                 JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.