[Cite as *State v. Benjamin*, 2011-Ohio-5699.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | Case No. 10CA3378 |
| v. | : | |
| | : | DECISION AND |
| Akie H. Benjamin, | : | JUDGMENT ENTRY |
| | : | |
| Defendant-Appellant. | : | Filed:  October 27, 2011 |

_____

APPEARANCES:

Akie H. Benjamin, Chillicothe Correctional Institution, Chillicothe, Ohio,
*pro se,* Appellant.

Mark E. Kuhn, Scioto County Prosecuting Attorney and Danielle M. Parker, Scioto
County Assistant Prosecuting Attorney, Portsmouth, Ohio, for Appellee.

_____

Kline, J.:

**{¶1}**     Akie H. Benjamin appeals the trial court's denial of his Motion to Vacate Void
Sentence Pursuant to R.C. 2953.08(A)(4).  Benjamin contends that his sentence was
void because the trial court failed to impose a statutorily mandated driver's license
suspension, and thus, he is entitled to a resentencing hearing.  We agree.  Because the
trial court failed to impose a statutorily mandated driver's license suspension,
Benjamin's sentence is void, and the trial court must resentence Benjamin.  However,
we limit Benjamin's resentencing hearing to the proper imposition of the statutorily
mandated driver's license suspension.

I.

{¶2}      On November 26, 2007, a Scioto County Grand Jury indicted Benjamin for possession of and trafficking in both crack cocaine and methylenedioxymeth-amphetamine (commonly referred to as "ecstasy").  The trafficking charges were dismissed, and the state tried Benjamin on the possession charges.  Benjamin was convicted of two counts of possession in violation of R.C. 2925.11(A)/(C)(4)(c) and R.C. 2925.11(A)/(C)(1)(b), both felonies of the third degree.  We affirmed Benjamin's convictions in *State v. Benjamin*, Scioto App. No. 08CA3249, 2009-Ohio-4774.

{¶3}      Following our decision, Benjamin filed several motions with the trial court.  On May 14, 2010, Benjamin filed a Motion to Vacate Void Sentence Pursuant to R.C. 2953.08(A)(4).  In his motion to vacate, Benjamin asserted, among other things, that his sentence was void because the trial court failed to impose a statutorily mandated driver's license suspension.  On June 23, 2010, the trial court denied Benjamin's motion to vacate.

{¶4}      Benjamin appeals and asserts the following assignment of error: I. "The sentence in the case is void due to the trial courts [sic] failure to impose a statutorily mandated drivers [sic] license suspension.  Therefore Defendant is entitled to re-sentencing hearing [sic]."

II.

{¶5}      In his sole assignment of error, Benjamin contends that his sentence is void and that he should be granted a de novo sentencing hearing.  Benjamin argues that, because the trial court's sentence did not impose a mandatory driver's license suspension, his entire sentence is void.

**{¶6}** "Appellate courts 'apply a two-step approach [to review a sentence]. First, [we] must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard.'" *State v. Smith*, Pickaway App. No. 08CA6, 2009-Ohio-716, at ¶8, quoting *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, at ¶4 (alterations in original).

**{¶7}** Here, we focus on the first prong. Specifically, Benjamin contends that the trial court failed to comply with all applicable rules and statutes, and thus, his sentence is clearly and convincingly contrary to law. We review de novo whether the trial court clearly and convincingly complied with all applicable rules and statutes. *State v. Walker*, Mahoning App. No. 08MA103, 2009-Ohio-1503, at ¶10.

**{¶8}** Benjamin was convicted of two counts of possession of drugs, in violation of R.C. 2925.11(A)/(C)(4)(c) and R.C. 2925.11(A)/(C)(1)(b), each felonies of the third degree. R.C. 2925.11(E)(2) provides that "the court that sentences an offender who is convicted of or pleads guilty to a violation of division (A) of this section shall do all of the following that are applicable regarding the offender: * * * (2) The court shall suspend for not less than six months or more than five years the offender's driver's or commercial driver's license or permit." Therefore, under R.C. 2925.11(E)(2), the trial court was required to suspend Benjamin's driver's license for at least six months. The trial court, however, failed to impose the statutorily mandated driver's license suspension.

**{¶9}** Benjamin asserts that he is entitled to a resentencing hearing because his sentence is void. Benjamin relies on *State v. Beasley* (1984), 14 Ohio St.3d 74. In

*Beasley*, the defendant was convicted of a crime that included a mandatory prison term as well as an optional fine. Id. at 75. The trial court, however, imposed only a fine. Id. And the Supreme Court of Ohio held that "[a]ny attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void." Id. See, also, *Colegrove v. Burns*, (1964), 175 Ohio St. 437, 438 ("[T]he only sentence which a trial court may impose is that provided for by statute. A court has no power to substitute a different sentence for that provided for by statute or one that is either greater or lesser than that provided for by law.").

**{¶10}** Benjamin argues that, because the trial court did not impose a statutorily mandated driver's license suspension, his sentence is a nullity or void under *Beasley*. Therefore, according to Benjamin, "where a sentence is void because it does not contain a statutorily mandated term, the proper remedy is * * * to resentence the defendant." *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, at ¶23 (citing *Beasley*), superseded by statute.

**{¶11}** Courts have found that the failure to impose a statutorily mandated driver's license suspension renders a sentence void and that the proper remedy is resentencing of the defendant. See *State v. Harris*, 190 Ohio App.3d 417, 2010-Ohio-5374. In *Harris*, the defendant pled guilty to drug trafficking in violation of R.C. 2925.03(A)(2), which carries a mandatory driver's license suspension under R.C. 2925.03(G). The trial court, however, failed to impose the mandatory driver's license suspension. And the appellate court held: "When a sentence fails to impose a mandated term such as a driver's license suspension, that sentence is void. * * * When a sentence is void because it does not contain a statutorily mandated term, the proper remedy is to

resentence the defendant. * * * Therefore, we reverse the judgment [of the trial court] and remand for resentencing." Id. at ¶3 (citations omitted).  See, also, *State v. Donahue*, Cuyahoga App. No. 89111, 2007-Ohio-6825, at ¶22-23 ("*Beasley* is applicable to instances in which a trial court fails to include a statutorily mandated drivers' license suspension. * * * As Donahue's sentence does not contain two statutorily mandated terms, namely, a driver's license suspension and postrelease control, Donahue's sentence is void.  Donahue's sentence is vacated and this matter is remanded for resentencing.") (citation omitted).[1]

**{¶12}**      In a similar context, the court in *State v. Fields*, 183 Ohio App.3d 647, 2009-Ohio-4187, remanded a case for resentencing after the trial court failed to impose a statutorily mandated fine.  The court stated: "[A] trial court retains jurisdiction to correct its void judgments.  Because the court below did not include in Fields's sentence for cocaine possession the statutorily mandated fine, the sentence was void.  And regardless of the jurisdictional bar to its consideration of Fields's postconviction claim on its merits, the court should have vacated the void sentence and conducted a new sentencing hearing.  Accordingly, we vacate the sentence imposed on Fields for cocaine possession and remand the case for a new sentencing hearing." Id. at ¶10-11 (citations omitted).

---

[1] We note that in *State v. Thomas*, Hamilton App. Nos. C-090716 & C-090463, 2010-Ohio-4856, the court held that "a trial court's omission of a statutorily mandated driver's license suspension does not render void an otherwise lawful sentence."  Id. at ¶11.  And the Supreme Court of Ohio has certified a conflict between *Thomas* and *State v. Harris*, 2010-Ohio-5374, to determine: "Does the failure to include a mandatory driver's license suspension in a criminal sentence render that sentence void?"  *State v. Harris*, 128 Ohio St.3d 1423, 2011-Ohio-1049.

**{¶13}** We agree that Benjamin's sentence is void because the trial court failed to impose a statutorily mandated driver's license suspension. The state concedes the error. And both Benjamin and the state contend that the proper remedy is to resentence Benjamin. The state, however, argues that the resentencing hearing should address only the trial court's imposition of the statutorily mandated driver's license suspension.

**{¶14}** The state relies on *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238. In *Fischer*, the Court held that when a trial court fails to properly impose statutorily mandated postrelease control, the defendant's resentencing hearing is limited to the imposition of postrelease control. Id. at ¶29. The *Fischer* Court stated: "[W]hen a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that *part* of the sentence is void and must be set aside." Id. at ¶26 (emphasis sic). And "[t]he new sentencing hearing to which an offender is entitled * * * is limited to proper imposition of postrelease control." Id. at paragraph two of the syllabus

**{¶15}** We agree with the state that Benjamin's resentencing hearing should be limited to the proper imposition of the statutorily mandated driver's license suspension. We acknowledge that the *Fischer* Court stated that its decision was "limited to a discrete vein of cases: those in which a court does not properly impose a statutorily mandated period of postrelease control." Id. at ¶31. However, as the *Fischer* Court noted, "when an appellate court concludes that a sentence imposed by a trial court is in part void, only the portion that is void may be vacated or otherwise amended." *Fischer* at ¶28. Benjamin's sentence is void only to the extent that the trial court failed to properly impose the statutorily mandated driver's license suspension. And limiting Benjamin's

resentencing hearing to the proper imposition of the statutorily mandated driver's license suspension "provides an equitable, economical, and efficient remedy for [Benjamin's] void sentence." *Fischer* at ¶30. In short, the principles that justify limiting a resentencing hearing in the postrelease control context apply here to remedy the trial court's failure to impose a statutorily mandated driver's license suspension.

**{¶16}** Benjamin's sentence is void because the trial court failed to impose the statutorily mandated driver's license suspension. Thus, we sustain Benjamin's assignment of error, and we reverse the judgment of the trial court. We vacate Benjamin's sentence to the extent the trial court failed to impose the statutorily mandated driver's license suspension under R.C. 2925.11(E)(2). And we remand this case to the trial court for a resentencing hearing. However, we limit Benjamin's resentencing hearing to the proper imposition of the statutorily mandated driver's license suspension under R.C. 2925.11(E)(2).

III.

**{¶17}** In conclusion, the trial court's judgment is reversed, and this cause is remanded to the trial court for proceedings consistent with this opinion.

**JUDGMENT REVERSED AND CAUSE REMANDED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE REVERSED AND THIS CAUSE BE REMANDED for further proceedings consistent with this opinion. Appellee shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.

Harsha, P.J. and McFarland, J. : Concur in Judgment and Opinion.

For the Court

BY:_____
Roger L. Kline, Judge

## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**