[Cite as *State v. Moore*, 2014-Ohio-5191.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2014-02-016 |
| | : | O P I N I O N |
| - vs - | | 11/24/2014 |
| | : | |
| MARKUS DIHONNE MOORE a.k.a. | : | |
| MARCUS DIHONNE MOORE, | | |
| | : | |
| Defendant-Appellant. | | |
| | : | |


CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2012CR00532


D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45106, for plaintiff-appellee

The Farrish Law Firm, Michaela M. Stagnaro, 810 Sycamore Street, 6th Floor, Cincinnati, Ohio 45202, for defendant-appellant


**HENDRICKSON, P.J.**

{¶ 1} Defendant-appellant, Markus Dihonne Moore a.k.a. Marcus Dihonne Moore, appeals from his sentence in the Clermont County Court of Common Pleas for theft. For the reasons set forth below, we affirm.

{¶ 2} In July 2012, appellant was indicted on one count of theft in violation of R.C.

2913.02(A)(1) and one count of receiving stolen property in violation of R.C. 2913.51(A), both felonies of the fifth degree. The charges arose out of allegations that appellant took the victim's keys out of a locker the victim used at a fitness facility, used the keys to open the victim's vehicle, took the victim's credit card out of the vehicle, and used the victim's credit card at a nearby store. Appellant entered a guilty plea to the theft charge and the receiving stolen property charge was dismissed. The trial court imposed a 12-month prison term for the theft conviction and ordered that the sentence be served consecutively to prison sentences previously imposed by the Hamilton County Court of Common Pleas, the Montgomery County Court of Common Pleas, and the Warren County Court of Common Pleas.[1]

{¶ 3} Appellant timely appealed from the imposition of his sentence, raising as his sole assignment of error the following:

{¶ 4} THE TRIAL COURT ERRED AS A MATTER OF LAW IN SENTENCING APPELLANT.

{¶ 5} In his sole assignment of error, appellant challenges the trial court's imposition of the 12-month sentence. Appellant contends that the "maximum, consecutive sentence * * * was clearly contrary to law and to the purposes and principles of sentencing." He further argues that the trial court erred by imposing a consecutive sentence for his theft conviction without making the findings required by R.C. 2929.14(C)(4). Appellant also contends that the trial court erred by failing to inform him that (1) he cannot ingest or be injected with a drug of abuse while in prison and that he is required to submit to random drug testing while in prison,

---

1. Specifically, the trial court ordered that appellant's 12-month prison sentence for theft "be served consecutively to each of the following prison terms: an eighty-one month stated prison term imposed in Hamilton County Common Pleas Court Case No. B1204064, a nine-month stated prison term imposed in Hamilton County Common Pleas Court Case No. B1201208, a nine-month stated prison term imposed in Hamilton County Common Pleas Court Case No. B1200738, a nine-month stated prison term imposed in Montgomery County Common Pleas Court Case No. 12CR02383, and an eighteen-month stated prison term imposed in Warren County Common Pleas Court Case No. B1200738."

pursuant to R.C. 2929.19(B)(2)(f), and (2) he is required to submit to DNA testing as result of his felony conviction, pursuant to R.C. 2901.07(B)(1) and (2).

{¶ 6} We review the imposed sentence under the standard of review set forth in R.C. 2953.08(G)(2), which governs all felony sentences. *State v. Crawford*, 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, ¶ 6. "When considering an appeal of a trial court's felony sentencing decision under R.C. 2953.08(G)(2), '[t]he appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing.'" *Id.* at ¶ 7, quoting R.C. 2953.08(G)(2). However, an appellate court's review of an imposed sentence is not whether the sentencing court abused its discretion. *Id.*; *State v. Warren*, 12th Dist. Clermont No. CA2012-12-087, 2013-Ohio-3483, ¶ 6. Rather, an appellate court may take any action authorized by R.C. 2953.08(G)(2) only if the court "clearly and convincingly finds" that either: (1) "the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;" or (2) "[t]hat the sentence is otherwise contrary to law." R.C. 2953.08(G)(2)(a)-(b). An appellate court will not find a sentence clearly and convincingly contrary to law where the trial court considers the purposes and principles of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly applies postrelease control, and sentences appellant within the permissible statutory range. *Warren* at ¶ 7; *State v. Setty*, 12th Dist. Clermont Nos. CA2013-06-049 and CA2013-06-050, 2014-Ohio-2340, ¶ 107.

### Principles and Purposes of Sentencing

{¶ 7} Appellant contends the trial court failed to consider the principles and purposes of sentencing before imposing the "maximum, consecutive sentence" for his theft offense. Specifically, appellant contends the trial court failed to consider all the factors set forth in

R.C. 2929.11(B) and R.C. 2929.12(A)-(E).

{¶ 8} Contrary to appellant's claim, the judgment entry of conviction specifically states that the trial court considered "the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and * * * balanced the seriousness and recidivism factors under Ohio Revised Code Section 2929.12." Furthermore, the record of appellant's sentencing hearing demonstrates the trial court gave careful and substantial deliberation to the sentencing provisions prior to imposing appellant's sentence. The trial court discussed appellant's lengthy criminal history, which included multiple convictions for theft, burglary, and receiving stolen property as well as convictions for criminal trespass, fraudulent misuse of a credit card, and possession of criminal tools. While the court found appellant's present theft offense was "not more serious or less serious than conduct normally constituting the offense of theft," the court stated that the offense was "kind of nasty." The court discussed the fact that appellant had expressed remorse for the theft offense, but noted that appellant's motivation in committing this crime stemmed from his drug and alcohol addiction—an addiction that appellant admitted he continued to struggle with and needed assistance to overcome. The trial court noted that appellant was in the "high range" for recidivism and that a 12-month prison term was "consistent with the purposes and principles of sentencing."

{¶ 9} Given the foregoing considerations by the trial court, and the language utilized by the court in its sentencing entry, we find that the trial court clearly considered the purposes and principles of sentencing under R.C. 2929.11 and R.C. 2929.12 prior to imposing appellant's sentence.

**Consecutive Sentences**

{¶ 10} Next, appellant argues the trial court erred by failing to make the findings required by R.C. 2929.14(C)(4) before ordering that his 12-month prison sentence be served consecutively to prison sentences previously imposed in other cases. He also argues that

the imposition of the consecutive sentence prohibits him from entering a "comprehensive treatment program in prison" for his drug and alcohol dependency.

{¶ 11} Pursuant to R.C. 2929.14(C)(4), a trial court must engage in a three-step analysis and make certain findings before imposing consecutive sentences. *State v. Dillon*, 12th Dist. Madison No. CA2012-06-012, 2013-Ohio-335, ¶ 9; *see also State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, syllabus. First, the trial court must find that the consecutive sentence is necessary to protect the public from future crime or to punish the offender. R.C. 2929.14(C)(4). Second, the trial court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. *Id.* Third, the trial court must find that one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

{¶ 12} "A trial court satisfies the statutory requirement of making the required findings when the record reflects that the court engaged in the required analysis and selected the appropriate statutory criteria." *Setty*, 2014-Ohio-2340 at ¶ 113. In imposing consecutive sentences, the trial court is not required to provide a word-for-word recitation of the language of the statute or articulate reasons supporting its findings. *Bonnell*, 2014-Ohio-3177 at ¶ 27-

29; *Setty* at ¶ 113. Nevertheless, the record must reflect that the trial court engaged in the required sentencing analysis and made the requisite findings. *Id.* The court's findings must thereafter be incorporated into its sentencing entry. *Bonnell* at ¶ 37.

{¶ 13} Here, the record reflects that the trial court made the findings required by R.C. 2929.14(C)(4) before ordering that appellant's sentence be served consecutively. Specifically, the trial court made the following findings:

> THE COURT: I will impose a 12-month prison term which will be ordered to be served consecutively with the current - - with the prison sentences that he is currently serving. In terms of the consecutive sentences, they're necessary to protect to public from future crime and to punish Mr. Moore. They're not disproportionate to the seriousness of his conduct and the danger he poses to the public. His history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by Mr. Moore.

The trial court later memorialized these findings within its sentencing entry.

{¶ 14} From the trial court's statements at the sentencing hearing and the language utilized in the sentencing entry, it is clear that the trial court complied with the dictates of R.C. 2929.14(C)(4). *See Bonnell* at ¶ 37; *Crawford*, 2013-Ohio-3315 at ¶ 17. The trial court, therefore, did not err by imposing consecutive sentences in this matter.

{¶ 15} We further find no merit to appellant's argument that serving consecutive sentences prohibits him from participating in a treatment program for his drug and alcohol dependency. The imposition of consecutive sentences does not prevent appellant from obtaining treatment for his substance abuse problems.

**Drug Use and Drug Testing in Prison**

{¶ 16} Appellant also argues that the trial court erred in sentencing him without informing him that, pursuant to R.C. 2929.19(B)(2)(f), he cannot ingest or be injected with a drug of abuse while in prison and that he is required to submit to random drug testing while in prison. The Second District Court of Appeals addressed this same argument in *State v.*

- 6 -

*Cutlip*, 2d Dist. Champaign No. 2012 CA 11, 2012-Ohio-5790, and noted that the requirements contained in R.C. 2929.19(B)(2)(f) "were not intended to benefit the defendant but rather to facilitate the drug testing of prisoners in state institutions by discouraging defendants who are sentenced to prison from using drugs." *Id.* at ¶ 19. The court concluded that R.C. 2929.19(B)(2)(f) conferred no substantive rights upon a defendant. *Id.* We agree. Appellant suffered no prejudice by the trial court's failure to notify him of the information set forth in R.C. 2929.19(B)(2)(f). Any error resulting from the trial court's omission of such language was, therefore, harmless. *See id.*; *State v. Haywood*, 1st Dist. Hamilton No. C-130525, 2014-Ohio-2801, ¶ 18; *State v. Arnold*, 2d Dist. Clark No. 02CA0002, 2002-Ohio-4977, ¶ 37.

### DNA Sample

{¶ 17} Finally, appellant contends the trial court erred in sentencing him because the court never informed him that he was required, pursuant to R.C. 2901.07(B), to submit to DNA testing as a result of his felony conviction and failed to advise him of the consequences for his failure to provide a DNA sample. R.C. 2901.07(B) provides, in relevant part, that any person, 18 years of age or older, who is arrested on or after July 1, 2011, must submit to a DNA specimen collection procedure administered in accordance with R.C. 2901.07(C). In order to ensure that a defendant has complied with the statute, a judge is required at sentencing to inquire of a defendant "whether or not the person has submitted to a DNA specimen collection procedure." R.C. 2901.07(B)(1)(c).

{¶ 18} The record reveals that while the trial court advised appellant at the plea hearing that "notwithstanding whether I impose a prison sentence or impose community control, * * * DNA testing is required for all felony offenders," the court did not inquire at the sentencing hearing whether or not appellant had submitted to a DNA specimen collection procedure. Such an omission by the trial court, however, did not result in prejudicial error.

The requirements of this section were not intended to benefit the defendant, but rather to facilitate the DNA testing of felony offenders for the maintenance of a DNA database. *See State v. Steele*, 155 Ohio App.3d 659, 2003-Ohio-7103, ¶ 43-44 (1st Dist.). Appellant, an individual who had been arrested and convicted of multiple felony offenses since July 1, 2011, suffered no prejudice by the trial court's failure to ask him whether or not he had submitted to a DNA specimen collection procedure. As set forth in R.C. 2901.07(B)(2), the director of rehabilitation and correction of the prison appellant is incarcerated in is required to collect a DNA specimen from appellant if he has not yet provided a specimen in accordance with R.C. 2901.07(B)(1)(a) or (b). The trial court's omission to inquire into whether or not appellant had provided a DNA specimen was, therefore, harmless.

{¶ 19} Accordingly, having found no merit to appellant's arguments, we overrule his sole assignment of error.

{¶ 20} Judgment affirmed.

PIPER and M. POWELL, JJ., concur.