[Cite as *State v. Taylor*, 2016-Ohio-4548.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-150488 |
| | | TRIAL NO. B-1306972-B |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| RANDY TAYLOR, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  June 24, 2016

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*The Farrish Law Firm* and *Michaela M. Stagnaro*, for Defendant-Appellant.

SYLVIA S. HENDON, **Presiding Judge.**

{¶1} Defendant-appellant Randy Taylor pled guilty to trafficking in cocaine and was sentenced to seven years' imprisonment. Taylor now appeals, arguing in his sole assignment of error that the trial court erred as a matter of law in imposing sentence.

{¶2} We may only vacate or modify Taylor's sentence if we clearly and convincingly find that it is either contrary to law or that the record does not support any mandatory sentencing findings. *See State v. White*, 2013-Ohio-4225, 997 N.E.2d 629, ¶ 11 (1st Dist.); R.C. 2953.08(G)(2).

{¶3} Taylor first contends that the trial court erred by imposing a seven-year sentence because it had failed to consider the principles and purposes of sentencing pursuant to R.C. 2929.11 and 2929.12. A trial court is not required to discuss the factors in R.C. 2929.11 and 2929.12 on the record, and we presume that the trial court considered these statutes unless the defendant demonstrates otherwise. *See State v. Finnell*, 1st Dist. Hamilton Nos. C-140547 and C-140548, 2015-Ohio-4842, ¶ 54. Here, Taylor has not demonstrated that the trial court failed to consider the principles and purposes of sentencing. Because Taylor's sentence fell within the available sentencing range for a first-degree felony and was not otherwise contrary to law, we hold that the trial court did not err in imposing a sentence of seven years' imprisonment.

{¶4} Taylor next contends that the trial court erred by failing to notify him that he should not ingest or be injected with any drug of abuse while in prison, and that he would be required to submit to random drug testing while incarcerated,

pursuant to R.C. 2929.19(B)(2)(f). But we have held that R.C. 2929.19(B)(2)(f) confers no substantive rights on a defendant, and that a trial court's failure to comply with its requirements is harmless error that results in no prejudice to a defendant. *See Finnell* at ¶ 60. For these reasons, we reject Taylor's argument.

{¶5} Taylor also argues that the trial court erred by failing to notify him of the requirement in R.C. 2901.07(B) that he would be required to submit a DNA specimen and of the consequences for failing to do so. R.C. 2901.07(B)(1) provides that any offender who is 18 years or older and commits a felony offense on or after July 1, 2011, "shall submit to a DNA specimen collection procedure administered by the head of the arresting law enforcement agency." *See* R.C. 2901.07(B)(1)(a). To ensure compliance with this collection procedure, R.C. 2901.07(B)(1)(c) provides that a trial court shall inquire at an offender's sentencing if the offender had submitted a DNA specimen upon arrest or at an earlier court appearance. If the offender has not yet submitted a DNA specimen, R.C. 2901.07(B)(1)(c) requires the trial court to order the offender to submit the specimen. And R.C. 2901.07(B)(2) further provides that the director of rehabilitation and correction shall collect a DNA specimen from any offender who has not yet submitted the required specimen in compliance with R.C. 2901.07(B)(1).

{¶6} Similar to the drug-testing requirements in R.C. 2929.19(B)(2)(f), R.C. 2901.07(B)(1) confers no substantive rights on a defendant. The statute's requirements "were not intended to benefit the defendant, but rather to facilitate the DNA testing of felony offenders for the maintenance of a DNA database." *See State v. Moore*, 12th Dist. Clermont No. CA2014-02-016, 2014-Ohio-5191, ¶ 18. We hold

that any error resulting from the trial court's failure to inform Taylor about the DNA testing was harmless and resulted in no prejudice to Taylor. *Id.*

{¶7} Taylor last argues that the trial court erred by failing to inform him that he may have been eligible to earn days of credit pursuant to R.C. 2967.193(A). But while this statute provides that certain offenders are eligible to earn days of credit, it imposes no requirement on a trial court to give such a notification to a defendant at sentencing. Former R.C. 2929.14(D)(3) required that a trial court inform a defendant at sentencing about the defendant's eligibility to earn days of credit in certain situations. But that statute has been amended, and the language requiring a trial court to provide information at sentencing about earning days of credit was repealed. *See Finnell*, 1st Dist. Hamilton Nos. C-140547 and C-140548, 2015-Ohio-4842, at ¶ 61; *State v. Graham*, 1st Dist. Hamilton No. C-130375, 2014-Ohio-1024, ¶ 9. Consequently, we hold that the trial court did not err in failing to inform Taylor about his potential eligibility to earn days of credit while incarcerated.

{¶8} The trial court did not err in the imposition of sentence. Taylor's assignment of error is overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.

**DEWINE** and **MOCK, JJ.,** concur.

Please note:
    The court has recorded its own entry on the date of the release of this opinion.