[Cite as *State v. Eversole*, 2016-Ohio-5776.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NOS. CA2016-01-025 |
| Plaintiff-Appellee, | : | CA2016-01-026 |
| | : | O P I N I O N |
| - vs - | | 9/12/2016 |
| | : | |
| RONALD J. EVERSOLE, | : | |
| | | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case Nos. CR2015-11-1706 and CR2014-06-1026

Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Christopher Frederick, 300 High Street, Suite 550, Hamilton, Ohio 45011, for defendant-appellant

**PIPER, J.**

{¶ 1}   Defendant-Appellant, Ronald Eversole, appeals from the sentence he received in the Butler County Court of Common Pleas after he was convicted of one count of possession of heroin, one count of possessing drug abuse instruments, and one count of nonsupport of dependents.

{¶ 2}   On July 2, 2014, the Butler County Grand Jury returned an indictment charging Eversole with one count of nonsupport of dependents in violation of R.C. 2919.21(B), a

fourth-degree felony.  The charge was a result of Eversole's failure to pay child support, and at the time of the plea hearing, he retained an arrearage of $8,232.88.

{¶ 3}   On November 20, 2015, Eversole was charged by bill of information with one count of possession of heroin in violation of R.C. 2925.11(A), a fifth-degree felony, and one count of possessing drug abuse instruments in violation of R.C. 2925.12(A), a second-degree misdemeanor.  The charges were a result of Eversole's possession of heroin in an amount of less than one gram and his possession of a syringe.  On November 20, 2015, Eversole pled guilty to all three charges.  Following a plea hearing, the trial court ordered a presentence investigation report, and scheduled a sentencing hearing for January 6, 2016.

{¶ 4}   At the sentencing hearing, Eversole's trial counsel informed the trial court that Eversole was undergoing and planned to continue treatment for mental health and substance abuse issues.  Additionally, Eversole notified the trial court that he had undertaken actions to have child support payments withdrawn from his checking account, as he was receiving disability payments.  In addition to this evidence, the trial court reviewed letters received from Eversole and the presentence investigation report.  During the hearing, the trial court noted Eversole's 31 prior convictions, nine of which were felonies, his ten probation violations, as well as Eversole's pending misdemeanor charges in Hamilton County.  Moreover, the trial court found most significant, the fact that Eversole's record included prior convictions for nonsupport of dependents.

{¶ 5}   Upon consideration of all the evidence and the principles and purposes of sentencing, the trial court sentenced Eversole to the maximum 12-month prison term for both the nonsupport of dependents and possession of heroin charges, and to the maximum 90-day jail term for the possessing drug abuse instruments charge.  The trial court imposed concurrent sentences for the three charges.  Furthermore, the trial court properly notified Eversole he would be subject to an optional three-year postrelease control term.

{¶ 6} Eversole now appeals from the trial court's decision, raising the following sole assignment of error for review.

{¶ 7} THE TRIAL COURT ERRED TO THE PREJUDICE OF MR. EVERSOLE WHEN IT SENTENCED HIM TO CONCURRENT TERMS OF TWELVE MONTHS IN THE OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS ("ODRC").

{¶ 8} Eversole argues the trial court's sentence of concurrent terms of 12 months goes against the principles and purposes of felony sentencing and the record does not support such sentences.

{¶ 9} R.C. 2953.08(G)(2) sets forth the standard of review for all felony sentences. *State v. Marcum*, ___ Ohio St.3d ___, 2016-Ohio-1002, ¶ 1; *accord State v. Crawford*, 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, ¶ 6. Pursuant to R.C. 2953.08(G)(2), when hearing an appeal of a trial court's felony sentencing decision, "[t]he appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing."

{¶ 10} As explained in *Marcum*, "*[t]he appellate court's standard for review is not whether the sentencing court abused its discretion.*" (Emphasis sic.) *Marcum* at ¶ 9. Rather, pursuant to R.C. 2953.08(G)(2), an appellate court may only "increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing" if the court finds by clear and convincing evidence "(a) [t]hat the record does not support the sentencing court's findings[,]" or "(b) [t]hat the sentence is otherwise contrary to law." R.C. 2953.08(G)(2)(a)-(b). A sentence is not "clearly and convincingly contrary to law where the trial court considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8, citing *State v. Moore*, 12th Dist.

Clermont No. CA2014-02-016, 2014-Ohio-5191, ¶ 6. Furthermore, if a sentence imposed does not require any of the statutory findings identified in R.C. 2953.08(G)(2), an appellate court will nonetheless conduct a review of the sentence "under a standard that is equally deferential to the sentencing court." *Marcum* at ¶ 23.

{¶ 11} Here, Eversole claims the trial court improperly sentenced him to concurrent maximum terms of 12 months in prison because the sentences go against the principles and purposes of felony sentencing pursuant to R.C. 2929.11. Eversole claims the maximum sentences of 12 months go beyond the overriding purpose of punishment because the trial court failed to use the minimum sanctions needed to accomplish such punishment. Specifically, he argues "[t]he parties, to whom the order is directed, would have benefitted if the trial court placed an order requiring payments as a community control sanction * * * enabl[ing him] to work and pay his child support arrears sooner." Eversole also argues the sentences are unsupported by the record because he did not commit an act of violence, took responsibility for his actions by pleading guilty to the charges, and prior to his arrest, made four child support payments. Additionally, Eversole argued that his possession of heroin charge dated back to 2014 and involved less than one gram of heroin, and that he was undergoing and planned to continue treatment for substance abuse and mental health issues.

{¶ 12} After a thorough review of the record, we find no error in the trial court's decision to sentence Eversole to concurrent maximum 12-month prison terms. The record reflects that Eversole's sentences are not clearly and convincingly contrary to law because the trial court properly considered the principles and purposes of R.C. 2929.11 and the factors listed in 2929.12, imposed the required optional three-year postrelease control term, and sentenced Eversole within the permissible statutory range for a fifth-degree felony,

pursuant to R.C. 2929.14(A)(5).[1] Furthermore, the trial court's sentencing entries explicitly stated that it

> considered the record, the charges, the defendant's Guilty Plea, and findings as set forth on the record and herein, oral statements, any victim impact statement and pre-sentence report, as well as the principles and purposes of sentencing under [R.C.] 2929.11, and has balanced the seriousness and recidivism factors of [R.C.] 2929.12 and whether or not community control is appropriate pursuant to [R.C.] 2929.13, and [found] that the defendant [was] not amenable to an available community control sanction.

{¶ 13} The record further supports the trial court's sentencing decision. As the trial court noted, Eversole has a lengthy criminal history involving 31 prior convictions, nine of which are felonies including convictions for nonsupport of dependents, he has ten probation violations, and at the time of the sentencing hearing, had pending misdemeanor charges in Hamilton County. This indicates, and the trial court found, that Eversole has been unsuccessful complying with community control sanctions.

{¶ 14} Therefore, because we find Eversole's sentences are not clearly and convincingly contrary to law, and because the record fully supports the trial court's sentencing decision, Eversole's single assignment of error is without merit and overruled.

{¶ 15} Judgment affirmed.

M. POWELL, P.J., and RINGLAND, J., concur.

---

1. It is worth noting that the lack of an express citation by the trial court to the above-mentioned statutes during the sentencing hearing is immaterial because it specifically cited to both statutes within its sentencing entries. *State v. Peck*, 12th Dist. Butler No. CA2015-06-123, 2016-Ohio-1578, ¶ 9; *State v. Ballard*, 12th Dist. Butler No. CA2014-09-197, 2015-Ohio-2084, ¶ 9.