[Cite as *State v. Buchert*, 2016-Ohio-7580.]

# IN THE COURT OF APPEALS

## FIRST APPELLATE DISTRICT OF OHIO

## HAMILTON COUNTY, OHIO

STATE OF OHIO,                          :          APPEAL NO.  C-160274
                                                   TRIAL NO.  B-1500845
    Plaintiff-Appellee,          :

  vs.                                  :

VALERIE BUCHERT,                        :          *O P I N I O N.*

    Defendant-Appellant.         :


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed in Part, Sentence Vacated in Part, and Cause Remanded

Date of Judgment Entry on Appeal:  November 2, 2016

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Judith Anton Lapp*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*The Farrish Law Firm* and *Michaela M. Stagnaro* for Defendant-Appellant.

STAUTBERG, Judge.

{¶1}   Defendant-appellant Valerie Buchert appeals from the trial court's judgment entry sentencing her to 12 months' incarceration with a lifetime driver's license suspension for vehicular assault pursuant to R.C. 2903.08(A)(2)(b).  In two assignments of error, Buchert argues that the trial court erred as a matter of law in sentencing her, and that she was denied the effective assistance of counsel.  Finding merit in Buchert's first assignment of error, we find that her sentence is void in part, and the trial court must resentence Buchert.  However, we limit Buchert's resentencing hearing to the proper imposition of the statutorily mandated driver's license suspension.  We affirm the judgment of the trial court in all other respects.

## Background

{¶2}   After leaving a party on August 16, 2014, Buchert crashed her vehicle, with a passenger inside, into a pole.  The passenger suffered a severe brain injury, which caused him to be hospitalized for nearly a month.  Buchert's toxicology report indicated that she had benzodiazepine, cocaine, opiates, hydrocodone, and morphine in her system at the time of the crash.

{¶3}   Buchert was indicted for one count of aggravated vehicular assault and one count of vehicular assault.  Buchert pleaded guilty to vehicular assault, a fourth degree felony, and the aggravated vehicular assault count was dismissed.  The trial court, after a complete Crim.R. 11 colloquy, accepted her guilty plea and found her guilty.  The trial court ordered a presentence investigation report, a victim impact statement, and an evaluation from  River City Correctional Center.

{¶4}   At the sentencing hearing, defense counsel informed the trial court that the victim and his family wanted Buchert to receive treatment rather than

imprisonment. Defense counsel noted that Buchert had two children, an 18-year-old daughter and a nine-year-old son. Defense counsel believed Buchert had made progress, as Buchert had recognized her addiction. Defense counsel recognized that the trial court had discretion to sentence Buchert to community control. Defense counsel requested that the trial court sentence her to outpatient treatment, electronic monitoring with house arrest, and urine screens.

{¶5} Buchert asked the court to give her the opportunity to address her addictions, and remain with her two children. She apologized to the court, to the victim, and his family.

{¶6} The state asserted that because the victim and his family did not want Buchert to receive a sentence of incarceration, the state offered the plea for vehicular assault, which did not carry a mandatory prison term. But due to Buchert's background and failed drug test while on electronic monitoring prior to her plea hearing, the state requested that the court sentence Buchert to locked treatment.

{¶7} The victim's mother testified that she wanted Buchert to receive treatment. She testified that Buchert struggled with drug addiction, but believed that Buchert could overcome her addition with treatment and support.

{¶8} The court then engaged Buchert in a conversation regarding her drug addiction. Buchert admitted that she had a drug problem, but tried to excuse her behavior, and indicated that she did not use daily. The trial court asked if she was an addict, and Buchert responded, "You can call it that." Buchert claimed that what happened that evening was an accident, and that she had been assaulted by her ex-boyfriend. The trial court expressed that Buchert chose to get behind the wheel of the vehicle while under the influence of drugs. The trial court stated it believed that

Buchert did not want treatment and did not admit her addiction, and therefore, the court sentenced Buchert to prison.

{¶9} Subsequently, Buchert pleaded with the trial court, admitted her addiction, and stated that she wanted to go to inpatient treatment so she could stay with her children. The trial court responded that Buchert "refuses to recognize she has a problem" and that "she is just making excuses for the accident." Buchert again admitted that she has an addiction problem. The trial court responded, "You were high as a kite when you caused that accident weren't you." Buchert replied, "No." The court said, "That's it right there."

{¶10} The court then stated, "After considering the risks that you'll commit another offense, the need for protecting the public, the nature and circumstances of the offense, your history, character and condition, Court finds that a prison sentence is required." The trial court recognized that Buchert had drugs in her system at the time of the accident, that she tested positive for cocaine while on electronic monitoring, and had refused to recognize that she had a problem. The trial court did not order treatment, because the court believed that because Buchert would not admit her addiction, treatment would not work.

{¶11} The court then sentenced Buchert to 12 months' incarceration, credited her with days served, ordered her to pay court costs, and revoked her driver's license for life. The trial court failed to inform Buchert about the DNA collection requirement under R.C. 2901.07.

## Assignments of Error

### I. Sentencing

{¶12} Buchert appealed her sentence and asserts two assignments of error. In her first assignment of error, Buchert alleges that the trial court erred as a matter

of law in sentencing her for three reasons: (1) the trial court did not properly consider the purposes and principles of sentencing, (2) the trial court failed to properly inform her of the DNA collection requirement for her felony conviction, and (3) the trial court incorrectly imposed a lifetime revocation of her driver's license.

{¶13}   We review Buchert's sentence to determine whether it is clearly and convincingly contrary to law.  *See State v. White*, 2013-Ohio-4225, 997 N.E.2d 629 (1st Dist.); R.C. 2953.08(G)(2).  We may modify or vacate the sentence if we clearly and convincingly find either that (1) the record does not support the mandatory sentencing findings or (2) the sentence is otherwise contrary to law.  *Id.*

### A.     Purposes and Principles of Sentencing

{¶14}   Buchert argues that the trial court did not consider the purposes and principles of sentencing when it sentenced her to 12 months' incarceration.  Buchert argues that "the trial court made no findings to support the imposition of a prison sentence" other than that it did not believe that Buchert acknowledged her addiction and that she would not be successful in treatment.  Buchert asserts that the trial court should have sentenced her to community control because she does not have a significant criminal history, this was her first felony offense, and she had a young son at home who needed her care.  We are not persuaded by her argument.

{¶15}   A trial court is to consider the factors enumerated in R.C. 2929.11(A) and 2929.12 when sentencing the defendant.  However, these are not fact-finding statutes.  *State v. Kennedy*, 2013-Ohio-4221, 998 N.E.2d 1189, ¶ 118 (1st Dist.).  "A trial court is not required to discuss the factors in R.C. 2929.11 and 2929.12 on the record, and we presume that the trial court considered these statutes unless the defendant demonstrates otherwise."  *State v. Taylor*, 1st Dist. Hamilton No. C-150488, 2016-Ohio-4548, ¶ 3.

{¶16}    Pursuant to R.C. 2929.13(B)(1)(b), the trial court had discretion to impose a prison term upon Buchert as she had pleaded guilty to vehicular assault, a fourth degree felony and she caused serious physical harm to the victim.  The prison term imposed was within the statutory range permitted for a fourth degree felony.  *See* R.C. 2929.14(A)(4).  The record demonstrates that the trial court engaged Buchert in a meaningful discussion about her history and issues with drug abuse.  The court further stated several reasons why it believed that a prison term was appropriate.  Buchert has not demonstrated that the trial court failed to consider the purposes and principles of sentencing.

## B.    DNA Collection

{¶17}    Buchert asserts that the trial court erred by failing to properly inform her of the requirement under R.C. 2901.07(B)(1)(a) and (c) to submit to DNA collection, as a result of her felony conviction, and the consequences if she failed to do so.

{¶18}    R.C. 2901.07(B)(1)(a), in relevant part, provides  that a person who is 18 years or older and "who is arrested on or after July 1, 2011, for a felony offense shall submit to a DNA specimen collection procedure administered by the head of the arresting law enforcement agency."  The court is required to "inquire at the time of the person's sentencing whether or not the person has submitted to a DNA specimen collection procedure * * * for the original arrest or court appearance upon which the sentence is based."  R.C. 2901.07(B)(1)(c).

{¶19}    This court has ruled that "R.C. 2901.07(B)(1) confers no substantive rights on a defendant" and that the requirements were intended to facilitate the DNA collection of felony offenders for the maintenance of a DNA database rather than to benefit the defendant.  *Taylor*, 1st Dist. Hamilton No. C-150488, 2016-Ohio-4548, at

6

¶ 6; *see State v. Moore,* 12th Dist. Clermont No. CA-02-016, 2014-Ohio-5191, ¶ 18. Therefore, any error resulting from the trial court's failure to inform Buchert about the DNA collection requirement was harmless and resulted in no prejudice to Buchert. *See Taylor* at ¶ 6.

### C. Lifetime Driver's License Suspension

{¶20}   Buchert argues that the trial court erred in imposing a lifetime suspension of her driver's license. The state concedes the error, and we agree.

{¶21}   Vehicular assault, in violation of R.C. 2903.08(A)(2)(b), is a fourth degree felony. R.C. 2903.08(C). A violation of that statute requires the trial court to impose upon an offender a class four suspension of the offender's driver's license. R.C. 2903.08(C)(2). For a class four driver's license suspension, the court shall impose a definite period of suspension between one and five years. R.C. 4510.02(A)(4).

{¶22}   "Because a mandatory driver's license suspension is a statutorily mandated term, * * * the trial court's failure to include this term in a criminal sentence renders the sentence void in part." *State v. Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509, ¶ 15. "[W]hen a trial court fails to include a mandatory driver's license suspension as part of an offender's sentence, that part of the sentence is void." *Id.* at ¶ 18. However, "the resentencing of the offender is limited to the imposition of the mandatory driver's license suspension." *Id.*

{¶23}   Here, the trial court imposed a lifetime suspension of Buchert's driver's license—exceeding the range allowed by the statute. Accordingly, Buchert's sentence as to the lifetime suspension of her driver's license is void. *Harris* at ¶ 18; *see also State v. Mosley*, 1st Dist. Hamilton No. C-150429, 2016-Ohio-5525, ¶ 7; *State v. Benjamin*, 4th Dist. Scioto No. 10CA3378, 2011-Ohio-5699, ¶ 9.

7

{¶24}    Therefore, we vacate the portion of Buchert's sentence regarding the driver's license suspension, and remand this case to the trial court for a resentencing hearing on this matter, and limit the resentencing hearing to the proper imposition of the driver's license suspension.

{¶25}    Buchert's first assignment of error is sustained in part and overruled in part.

## II. Ineffective Assistance of Counsel

{¶26}    In her second assignment of error, Buchert asserts that she was denied the effective assistance of counsel in violation of her constitutional rights, thus prejudicing her right to a fair hearing.  Buchert argues that her defense counsel was ineffective because he had failed to research and object to the lifetime driver's license suspension.

{¶27}    In order to prove a claim of ineffective assistance of counsel, Buchert must show that "counsel's performance was deficient" and that "the deficient performance prejudiced the defense * * * so as to deprive the defendant of a fair trial." *Strickland v. Washington*, 466 U.S. 668, 687, 693, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989); *State v. Cockrell*, 1st Dist. Hamilton No. C-150497, 2016-Ohio-5797, ¶ 25.

{¶28}    Because we have held that the trial court failed to impose a license suspension within the statutory range provided under R.C. 4510.02(A)(4), Buchert's ineffective assistance of counsel claim, based on the same proposition, is moot.  *See Cockrell* at ¶ 27.  We overrule Buchert's second assignment of error.

## Conclusion

{¶29}    The trial court's judgment is affirmed in part, the sentence is vacated in part, and the cause is remanded to the trial court for proceedings consistent with the law and this opinion.

Judgment affirmed in part, sentence vacated in part, and cause remanded.

**HENDON, P.J.,** and **CUNNINGHAM, J.,** concur.

Please note:

This court has recorded its own entry this date.