[Cite as *State v. Delgros*, 2020-Ohio-4529.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**TRUMBULL COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-T-0085** |
| NATHAN HALE DELGROS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 2019 CR 00723.

Judgment: Vacated in part and remanded.

*Dennis Watkins*, Trumbull County Prosecutor, and *Ashleigh Musick*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Rhys B. Cartwright-Jones*, 42 North Phelps Street, Youngstown, OH 44503 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Nathan Delgros, appeals the imposition of a lifetime driver's license suspension following his convictions for Aggravated Vehicular Assault and Failure to Stop after an Accident. For the following reasons, we vacate the imposition of the lifetime driver's license suspension.

{¶2} On October 3, 2019, Delgros entered a plea of guilty to a Bill of Information, including one count of Aggravated Vehicular Assault, a felony of the fourth

degree in violation of R.C. 2903.08(A)(2)(b), (C)(1) and (2), and one count of Failure to Stop after an Accident, a felony of the fifth degree in violation of R.C. 4549.02(A)(1) and (B)(2)(a).

{¶3} On November 8, 2019, the trial court issued its Entry on Sentence which, inter alia, ordered that Delgros "shall have a lifetime driver's license suspension."

{¶4} On December 6, 2019, Delgros filed a Notice of Appeal. On appeal, he raises the following assignment of error: "The trial court erred in imposing a lifetime license suspension."

{¶5} The appellate court reviewing a felony sentence "may vacate the sentence and remand the matter to the sentencing court for resentencing[,] * * * if it clearly and convincingly finds * * * the sentence is otherwise contrary to law." R.C. 2953.08(G)(2)(b). "As a general rule, if an appellate court determines that a sentence is clearly and convincingly contrary to law, it may remand for resentencing." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 10. When a case is remanded because the court has failed to impose a statutorily mandated license suspension, "[r]esentencing of the offender is limited to the imposition of the mandatory driver's license suspension." *State v. Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509, paragraph one of the syllabus.

{¶6} Delgros argues, the State concedes, and this court agrees that the lifetime license suspension imposed by the trial court is contrary to law.

{¶7} When sentencing for Aggravated Vehicular Assault, "the court shall impose upon the offender a class four suspension of the offender's driver's license * * * from the range specified in division (A)(4) of section 4510.02 of the Revised Code."

2

R.C. 2903.08(C)(2). That range is "a definite period of one to five years." R.C. 4510.02(A)(4). When sentencing for Failure to Stop after an Accident, "the court * * * shall impose upon the offender a class five suspension of the offender's driver's license * * * from the range specified in division (A)(5) of section 4510.02 of the Revised Code." R.C. 4549.02(B)(4). That range is "a definite period of six months to three years." R.C. 4510.02(A)(5).

{¶8} The lifetime driver's license suspension ordered by the trial court exceeds the prescribed ranges for class four and five suspensions and is, accordingly, contrary to law. *State v. Sow*, 1st Dist. Hamilton No. C-160835, 2019-Ohio-3641, ¶ 18; *State v. Buchert*, 1st Dist. Hamilton No. C-160274, 2016-Ohio-7580, ¶ 23.

{¶9} We note the written plea agreement signed by Delgros correctly described the mandatory class four and class five license suspensions that the trial court was required to impose by law. The agreement, however, incorrectly cites the first count as a violation of R.C. 2903.06 (vehicular homicide) rather than a violation of R.C. 2903.08 which is the appropriate section for Aggravated Vehicular Assault. In all other respects, such as the description of the crime and the corresponding statutory divisions (A)(2)(b) and (C)(2), the agreement sets forth a charge of Aggravated Vehicular Assault. The error of citing section .06 instead of .08 for Aggravated Vehicular Assault is repeated in the court's Entry on Sentence. On remand, the court is instructed to correct the statutory citation for Aggravated Vehicular Assault in addition to imposing an appropriate license suspension.

{¶10} The sole assignment of error is with merit.

{¶11} For the foregoing reasons, the lower court's Entry on Sentence is vacated

3

as to the lifetime license suspension only and this case is remanded for further proceedings consistent with this opinion. Costs to be taxed against the appellee.


THOMAS R. WRIGHT, J.,

MARY JANE TRAPP, J.,

concur.

4